# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| STAVANGER HOLDINGS, LTS and KARL ANDERSEN, <br><br> Plaintiffs, <br><br> v. <br><br> TRANEN CAPITAL, LTD., TRANEN CAPITAL ALTERNATIVE INVESTMENT FUND, LTD., THE LEO GROUP, LLC, KENNETH A. LANDGAARD, ARTHUR L. BOWEN, AND RANDY W. BAGLEY, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CASE NO. 1:12-cv-0646 WTL-MJD |

## MOTION TO DISMISS COMPLAINT AND SUPPORTING BRIEF

Defendants Tranen Capital, Ltd., Tranen Capital Alternative Investment Fund, Ltd., Kenneth A. Landgaard and Arthur L. Bowen, (the "Tranen Defendants"), by counsel and pursuant to F.R.Civ.P. Rule 12(b)(6), move to dismiss the Complaint on file herein. The ground for this motion is that the Complaint fails to state a valid claim for relief as to the Tranen Defendants because the Complaint's single cause of action is for breach of written contract and the contract which was alleged to have been breached shows on its face that the Tranen Defendants are not parties to the contract. Further grounds for this motion are set forth in the following memorandum of points and authorities in support of this motion.

### MEMORANDUM OF POINTS AND AUTHORITIES

**1. The Tranen Defendants are not Parties to the Written Contract Alleged to Have Been Breached.**

The Complaint alleges that the defendants breached a consultancy agreement (the "Agreement") dated November 9, 2011, "a partially executed copy of which is annexed hereto as

Exhibit 1." Complaint, ¶ 1.  The Agreement states that it is "by and between The Leo Group, LLC, an Indiana limited liability [sic] ('Company'), and Stavanger Holdings Ltd. of Britannia House, 21, 2nd Floor, Cator Road, Bandar Seri Begowan BS 8811, Brunei Darussalam a resident of the State [sic] New York ('Consultant')…."  Ex. 1, page 1; "…the Company and Consultant agree as follows:…" *Id.;* Agreement, page 6 (providing for signatures by only Consultant and The Leo Group).  *See also*, Complaint, ¶27 ("…Stavanger entered into a 'consultancy agreement' with Leo (the same 'Agreement' attached as Exhibit 1 hereto.")

The Agreement contains an "Entire Agreement; Modifications; and Conditions" section, stating that "This Agreement constitutes the entire agreement of the parties with respect to the subject matter thereof and supersede [sic] all prior agreements, oral and written, between the Company and Consultant with respect to the subject matter of this Agreement.  This Agreement may be modified or amended only by an instrument in writing signed by both the Company and Consultant."  Agreement, §20.

The Agreement also provides that it "shall be governed by and construed in accordance with the laws of the state of Indiana."  Agreement, § 17.

**2.  A Non-Party to a Contract May Not Be Sued for its Breach.**

Indiana law is clear and unequivocal:  a non-party, non-privy to a contract may not be sued on it.  *Implement Service, Inc. v. Tecumseh Products Company, et al.,* 726 F.Supp 1171, 1182 (S.D.Ind. 1989)("It is basic law in Indiana that suits based on contract may be brought only against a party to the contract or against those in privity with the party.")(Citations omitted.)  *See also Broadhurst v. Moenning,* 633 N.E.2d 326, 334 (Ind.App. 1994); *Gonzales v. Kil Nam Chun,* 465 N.E.2d 727, 729 (Ind.App. 1984).  There is no allegation in the Complaint that any of the Tranen Defendants are in privity with the actual parties to the Agreement.

The Court in *Implement Service* further held "Normally the parties to a contract can be identified as a matter of law by the very terms of the contract, as long as there is no ambiguity." *Implement Service,* 726 F.Supp. at 1182.  *See also Broadhurst,* 633 N.E.2d at 334.  In the present case, the Agreement is unambiguous that the parties to it are Stavanger Holdings, Ltd., and The Leo Group, LLC, and not any of the Tranen Defendants.  *See* Agreement, Page 1; §9; page 6; *see also* Complaint, ¶ 27 ("…Stavanger entered into a "consultancy agreement" with Leo (the same 'Agreement' attached as Exhibit 1 hereto)."

The Complaint apparently attempts to get around the fact that the Tranen Defendants are not parties to the Agreement by alleging that "…, Tranen is specifically referenced and protected by the Agreement's non-disparagement provision.  *See* Exhibit 1, Section 12."

This section states, in relevant part, that:

> Consultant shall not make any statement or comment… that would disparage or undermine, or could in any way be construed to be negative about, Company (including its principals, other employees, or any aspect of its business) or any clients or principals for which Company does Business during the Term to any third party including persons or entities involved in an existing or potential business or professional relationship with Company as disclosed to Consultant.  In the event of any such comments, all payments of Compensation will immediately be suspended until such time as such comments have been retracted in writing, with appropriate explanation and apology, or until such time as Tranen is satisfied that there has been no adverse impact to its Business…."

Agreement, §12.

This reference to Tranen (the only reference to any of the Tranen Defendants in the entire Agreement) does not make the Tranen Defendants parties to the contract.  Instead, at most it would mean that Tranen is a third-party beneficiary under the contract (as the Complaint acknowledges by its reference to Tranen being "protected" by this provision).  Complaint, ¶ 28. Third-party beneficiaries of contracts have only benefits and no contractual obligations.  *Evansville & S.I. Traction Co. v. Evansville Belt Ry. Co.,* 87 N.E. 21, 23-24 (Ind.App., 1909).

3

The Agreement imposes no obligations on Tranen.  *See* Agreement.  Consequently, although Tranen may have the right in some circumstances to sue for enforcement of the contract, as a third-party beneficiary, it cannot be sued on the contract.  *Implement Services, Inc., supra,* 726 F. Supp. at 1182-83.

### 3. Conclusion

Because Tranen Capital, Ltd., Tranen Capital Alternative Investment Fund, LLC, Kenneth A. Landgaard and Arthur L. Bowen are not parties to the written contract which the Complaint alleges to have been breached, the Complaint fails to state a claim against them for breach of contract.  These defendants respectfully request that the Court grant their motion to dismiss the Complaint.

FROST BROWN TODD LLC

By: *//s/ Thomas E. Satrom*
Thomas E. Satrom, #20745-49

Attorneys for Defendants Tranen Capital, LTD., Tranen Capital Alternative Investment Fund, LTD, Kenneth A. Landgaard, and Arthur L. Bowen

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of July, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Ryan M. Hurley
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
*ryan.hurley@FaegreBD.com*

Mauro M. Wolfe
Evangelos Michaildis
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036-4086
*mmwolfe@duanemorris.com*
*emichailidis@duanemorris.com*


                        */s/ Thomas E. Satrom*


FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN 46244-0961
317-237-3800
Fax: 317-237-3900
*tsatrom@fbtlaw.com*

INDLibrary2 0124807.0596494   1133216v1