IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STAVANGER HOLDINGS, LTS and KARL ANDERSEN, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) CASE NO. 1:12-cv-0646 WTL-MJD |
| TRANEN CAPITAL, LTD., TRANEN CAPITAL ALTERNATIVE INVESTMENT FUND, LTD., THE LEO GROUP, LLC, KENNETH A. LANDGAARD, ARTHUR L. BOWEN, AND RANDY W. BAGLEY, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS THE LEO GROUP, LLC AND RANDY W. BAGLEY'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND SUPPORTING BRIEF**

Defendants The Leo Group, LLC ("Leo Group") and Randy W. Bagley move to dismiss Plaintiffs' Complaint for failure to state a cognizable claim against them.

Plaintiffs' claim against Leo Group for breach of contract is barred by the Statute of Frauds and Plaintiffs identify no facts -- just naked legal assertions -- to plausibly show, as they must, that Mr. Bagley should be held personally liable for Leo Group's purported breach of contract. For both reasons, Plaintiffs' Complaint against Mr. Bagley and Leo Group should be dismissed in its entirety, with prejudice.

In support of this Motion defendants Bagley and Leo Group show the Court:

**Standard:  Plaintiffs Must Allege Facts, Not Bare Legal Conclusions, Making Their Claims Plausible**

1. To state a claim under Fed. R. Civ. P. 8, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

2. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Leimkuehler v. American United Life Ins. Co.*, 752 F. Supp. 2d 974, 975 (S.D. Ind. 2010).

3. "This pleadings standard demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*  "A pleading that offers 'labels and conclusions' or 'a formulistic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

4. "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

**Plaintiffs' Claim Against Mr. Bagley, At Best, Asserts Naked Legal Conclusions and Therefore Fails to State a Cognizable Claim**

5. Plaintiffs allege that Leo Group breached the contract attached to their Complaint by not paying certain consulting fees to the Plaintiffs.  Mr. Bagley is not, and is not alleged to be, a party to that contract.  Plaintiffs seek to hold Mr. Bagley personally responsible for Leo Group's alleged breach, alleging the Leo Group is his "alter ego." (Complaint ¶¶ 15, 27, 29-35.)

6. The whole of Plaintiffs' allegations against Mr. Bagley are:  "Leo [Group] is merely the alter ego of Bagley because the corporation is heavily influenced and governed by

him and there is such a complete unity of interest between Leo [Group] and Bagley that the entity is inseparable from him." (Complaint ¶ 15.).

7. This single sentence does not come close to raising an inference that Leo Group's existence should be disregarded and Mr. Bagley held responsible for Leo Group's alleged acts.

8. First, Plaintiffs' Complaint does not attempt to even recite the elements of a claim for piercing the Leo Group's corporate veil. The Court cannot disregard Leo Group's corporate existence because it is "heavily influenced and governed by" Mr. Bagley. Rather, to disregard Leo Group's corporate existence Plaintiffs must prove "that the corporate form was so ignored, controlled or manipulated that it was merely the instrumentality of another and that the misuse of the corporate form would constitute a fraud or promote injustice." *Escobedo v. BHM Health Associates, Inc.*, 818 N.E.2d 930, 933 (Ind. 2004) (quoting *Aronson v. Price*, 644 N.E.2d 864, 867 (Ind. 1994). Plaintiffs' Complaint thus does not allege, even at the most superficial level, a cognizable claim for disregarding Leo Group's existence. Plaintiffs' claim against Mr. Bagley should be dismissed.

9. Second, Plaintiffs' bare allegations that Leo Group is Mr. Bagley's "alter ego," that "there is . . . a complete unity of interest between Leo [Group] and Bagley" and that the Leo Group is "inseparable" from Mr. Bagley are not allegations of fact, but "naked assertions" of legal conclusions that cannot make a piercing claim plausible and which should be disregarded. *See G4S Justice Services, Inc. v. Correctional Program Services, Inc.*, No. 1:07-cv-00945-JMS-SEB, 2009 WL 3200592, *1 (S.D. Ind. September 25, 2009) (dismissing a request to pierce a corporate veil based on mere recitation of the elements of such a claim and the factors relevant to it). Plaintiffs cannot state a claim merely by invoking the magic words "alter ego." They must allege facts supporting this conclusion and they do not do so.

10. For both reasons stated above, Plaintiffs' request that Mr. Bagley be held personally liable for Leo Group's alleged breach of contract does not state a plausible claim or theory of relief and should be dismissed.

### Plaintiffs' Claim Against Leo Group Is Barred By the Statute of Frauds

11. Plaintiffs attach to their Complaint the contract Leo Group allegedly breached.

12. This contract is not signed by any representative of Leo Group, and this fact is fatal to Plaintiffs' claim.

13. Ind. Code § 32-21-1-1 provides that a party cannot bring an action to enforce a promise that is not to be performed within one year from the making of the promise unless the promise is in writing and signed by the party against whom enforcement is sought.

14. To determine whether a contract is subject to the above statute, the Court must examine the parties' intent at the time of contracting. If they intended for performance to occur over more than one year, the contract must be in writing and signed by the defendant. *Wilson v. Ray*, 13 Ind. 1 (Ind. 1959). That is so even if the contract contains a provision allowing a party to terminate performance at its will. *Id. See also* 9 Williston On Contracts § 24:9 (4th ed.) (identifying the position in *Wilson v. Ray* as the majority position across the country).

15. Here, the contract at issue had a three year term, from November 2011 through October 2014. This fact brings it within Ind. Code § 32-21-1-1 and thus, to be enforceable, it had to be signed by a representative from Leo Group. It was not.

16. Ind. Code § 32-21-1-1 bars Plaintiffs' breach of contract claim against Leo Group. It should be dismissed with prejudice.

WHEREFORE, defendants Randy W. Bagley and The Leo Group, LLC request that the Court dismiss with prejudice Plaintiffs' claims against them, for costs of this action, and for all other just and proper relief.

        */s/ T. Joseph Wendt*
        T. Joseph Wendt, Atty # 19622-49
        BARNES & THORNBURG LLP
        11 South Meridian Street
        Indianapolis, IN 46204
        Telephone: 317-236-1313
        Facsimile: 317-231-7433

        *Attorney for The Leo Group and Randy W. Bagley*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        */s/ T. Joseph Wendt*