IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STAVANGER HOLDINGS, LTS and KARL ANDERSEN, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) CASE NO. 1:12-cv-0646 WTL-MJD ) |
| TRANEN CAPITAL, LTD., TRANEN CAPITAL ALTERNATIVE INVESTMENT FUND, LTD., THE LEO GROUP, LLC, KENNETH A. LANDGAARD, ARTHUR L. BOWEN, AND RANDY W. BAGLEY, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS THE LEO GROUP, LLC AND RANDY W. BAGLEY'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Despite two opportunities, Plaintiffs have not identified any facts to plausibly show, as they must, that Mr. Bagley should be held personally liable for Leo Group's purported breach of contract. Plaintiffs' naked legal conclusions are insufficient to state a cognizable claim as a matter of law.

Plaintiffs have also failed for a second time to identify any contract executed by The Leo Group, LLC ("Leo Group"). This fact makes Plaintiffs' breach of contract claim against Leo Group fail both as a matter of accepted Indiana contract law and due to Indiana's Statute of Frauds.

Plaintiffs' unjust enrichment claim against Leo Group fails to state a cognizable claim because Plaintiffs did not confer any benefit on Leo Group. The benefit Leo Group allegedly received resulted from its own efforts and its separate contract with defendant Tranen.

For each and all of the above reasons, Plaintiffs' Amended Complaint against Mr. Bagley and Leo Group should be dismissed in its entirety. And, given that Plaintiffs have failed in two opportunities to assert cognizable claims, this dismissal should be with prejudice.

I.  **Plaintiffs Must Allege Facts, Not Bare Legal Conclusions, Making Their Claims Plausible**

As articulated in Defendants' first motion to dismiss, to state a claim under Fed. R. Civ. P. 8, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Leimkuehler v. American United Life Ins. Co.*, 752 F. Supp. 2d 974, 975 (S.D. Ind. 2010).

"This pleadings standard demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulistic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

II.  **Plaintiffs' Claim Against Mr. Bagley Asserts Nothing But Naked Legal Conclusions and Therefore Fails to State a Cognizable Claim.**

Plaintiffs allege that *Leo Group* breached the contract attached to their Complaint by not paying certain consulting fees to the Plaintiffs. Mr. Bagley is not, and is not alleged to be, a party to that contract. (Am. Compt. ¶¶ 28, 37, 41, 43, 51, 55, 60, 64.) Plaintiffs seek to hold Mr. Bagley personally responsible for Leo Group's alleged breach, alleging the Leo Group is his "alter ego." (Am. Compl. ¶ 15.)

All of Plaintiffs' allegations against Mr. Bagley are contained in one conclusory sentence: "Leo [Group] is merely the alter ego of Bagley because the corporation is heavily influenced and governed by him and there is such a complete unity of interest between Leo [Group] and Bagley that the entity is inseparable from him." (Complaint ¶ 15.). This single sentence has not changed from Plaintiffs' original complaint and it does not plead facts raising an inference that Leo Group's existence should be disregarded and Mr. Bagley held responsible for Leo Group's alleged acts.

First, Plaintiffs' Complaint does not attempt to even recite the correct elements of a claim for piercing the Leo Group's corporate veil. The Court cannot disregard Leo Group's corporate existence because it is "heavily influenced and governed by" Mr. Bagley. Rather, to disregard Leo Group's corporate existence Plaintiffs must prove "that the corporate form was so ignored, controlled or manipulated that it was merely the instrumentality of another and that the misuse of the corporate form would constitute a fraud or promote injustice." *Escobedo v. BHM Health Associates, Inc.*, 818 N.E.2d 930, 933 (Ind. 2004) (quoting *Aronson v. Price*, 644 N.E.2d 864, 867 (Ind. 1994). Plaintiffs' Complaint thus does not allege, even at the most superficial level, a cognizable claim for disregarding Leo Group's existence.

Second, Plaintiffs' bare conclusions that Leo Group is Mr. Bagley's "alter ego," that "there is . . . a complete unity of interest between Leo [Group] and Bagley" and that the Leo Group is "inseparable" from Mr. Bagley are not allegations of fact necessary to state a cognizable claim, but naked legal conclusions that do not and cannot make a piercing claim plausible, as is Plaintiffs' burden. *See G4S Justice Services, Inc. v. Correctional Program Services, Inc.*, No. 1:07-cv-00945-JMS-SEB, 2009 WL 3200592, *1 (S.D. Ind. September 25, 2009) (dismissing a request to pierce a corporate veil based on mere recitation of the elements of

3

such a claim and the factors relevant to it). Plaintiffs cannot state a claim merely by invoking the magic words "alter ego." They must allege *facts* supporting this conclusion and making it plausible. Twice they have failed to do so.

For both reasons stated above, Plaintiffs' request that the Court hold Mr. Bagley personally liable for Leo Group's alleged breach of contract does not state a plausible claim or theory of relief. Plaintiffs have had two opportunities to allege facts making their claim against Mr. Bagley plausible, but they have not even attempted to meet their burden. Plaintiffs should not be given a third opportunity. Their claims against Mr. Bagley should be dismissed with prejudice.

### III. Plaintiffs' Allegations Show That Their Breach of Contract Claim Against Leo Group Is Barred By Established Contract Law.

Plaintiffs' Amended Complaint makes it clear that the parties did not intend to be bound to any agreements until there existed an executed contract, and no such contract exists. There is no contract for Plaintiffs' to enforce against Leo Group.

This Court has recognized the "genesis of [misunderstandings like the present one] is easy to identify: after long negotiations one party shouts, 'It's a deal!', only to discover some months later, and probably after taking some act in reliance, that the subsequently drafted contract is at odds with what was stated verbally." *Kinko's Graphics Corp. v. Townsend*, 803 F.Supp. 1450, 1456 (S.D. Ind. 1992).

In such circumstances, this Court has concluded that if the parties intended to be bound only after their agreement was fully expressed in an executed document, then they will not be bound until the parties' signatures are affixed:

> If the party sought to be charged intended to close a contract prior to the formal signing of a written draft, or if he signified such an intention to the other party, he will be bound by the contract actually made, though the signing of the written

4

>draft be omitted. If on the other hand, such party neither had nor signified such an intention to close the contract until it was fully expressed in a written instrument and attested by signatures, then he will not be bound until the signatures are affixed.

*Id.* (quoting *Mississippi & Dominion S.S. Co. v. Swift*, 29 A. 1063, 1066-67 (Me. 1894)). *See also International Shoe Co. v. Lacy*, 54 N.E.2d 636, 638 (Ind. Ct. App. 1944) ("There is no binding contract where, although its terms have been orally agreed upon, the parties have also agreed that they shall not be bund until the same shall have been reduced to writing[.]")

Here, the contract Plaintiffs seek to enforce against Leo Group was not executed by Leo Group and Plaintiffs' own allegations demonstrate that this fact is fatal to their breach of contract claim against Leo Group because the parties did not intent to be bound until all signatures were affixed.

In paragraph 38 Plaintiff cite an email from Mr. Bagely that made it clear that the parties' negotiations as of November 7 were not complete and that an agreement would only exist once a written contract was finalized. ("Also, any language any of you want in these agreements needs to be sent to us ASAP so we can speed this along.") In paragraph 39 Plaintiffs describe and quote an additional email from Mr. Bagley, again making it clear that the parties did not intend to be bound until there existed a written contract: "Bagley succinctly described the importance of having written agreements between the parties: 'It is imperative that we have agreements in place since we are the ones committing to $3M.'" (Am. Compl. ¶ 39.)

Plaintiffs' own allegations make it manifest that the parties' written contract was not merely a "convenient memorial" of their verbal negotiations, but was the "consummation of the negotiation." *Kinko's Graphics Corp.*, 803 F.Supp. at 1456. Accordingly, no contract exists because the final draft was not signed by both parties. *Id.* Plaintiffs Amended Compliant should

be dismissed with prejudice. Plaintiffs' allegations affirmatively preclude their contract claim against Leo Group.

**IV.     Plaintiffs' Breach of Contract Claim Is Barred by the Statute of Frauds.**

Plaintiffs' Amended Complaint again does not identify the existence of any writing signed by Leo Group, containing the essential terms of the parties' contract. For this additional reason, Plaintiffs' breach of contract claim is barred by Indiana's statute of frauds.

Ind. Code § 32-21-1-1 provides that a party cannot bring an action to enforce a promise that is not to be performed within one year unless the promise is in writing and signed by the party against whom enforcement is sought.

To determine whether a contract is subject to the above statute, the Court must examine the parties' intent at the time of contracting. If they intended for performance to occur over more than one year, the contract must be in writing and signed by the defendant. *Wilson v. Ray*, 13 Ind. 1 (Ind. 1959). That is so even if the contract contains a provision allowing a party to terminate performance at its will. *Id.* *See also* 9 Williston On Contracts § 24:9 (4th ed.) (identifying the position in *Wilson v. Ray* as the majority position across the country).

Here, the contract at issue had a three-year term, from November 2011 through October 2014. Plaintiffs specifically allege the duration of the negotiated agreement is 3 years. (Am. Compl. ¶ 43.) This fact brings it within Ind. Code § 32-21-1-1; thus, to be enforceable, it had to be signed by a representative from Leo Group. And it was not. In their Amended Complaint Plaintiffs have not identified any writing executed by Leo Group affirming its obligation to pay Plaintiffs anything or containing the essential terms of the alleged contract. As a result, Ind. Code § 32-21-1-1 bars Plaintiffs' breach of contract claim against Leo Group. It should be dismissed with prejudice.

### V. Plaintiffs' Unjust Enrichment Claim Should Be Dismissed Because Plaintiffs Did Not Confer a Benefit on Leo Group.

Plaintiffs' unjust enrichment count fairs no better than their breach of contract claim. To state a claim for unjust enrichment the Plaintiffs must, at a minimum, allege facts plausibly showing that they conferred a benefit on Leo Group. Plaintiffs' Amended Complaint shows Plaintiffs cannot satisfy this minimum burden.

Plaintiffs do not allege that they performed any services for Leo Group. They do not allege that they performed services intended to even indirectly benefit Leo Group or that any benefit they conferred on Tranen was passed through to Leo Group.

Rather, Plaintiffs allege they performed marketing and sales services for Tranen. (Am. Compl. ¶ 67-68.) Leo Group allegedly benefitted from Plaintiffs' efforts because Tranen engaged Leo Group to broker the life settlements that Plaintiffs allegedly brought to Tranen. (Am. Compl. ¶ 70.) This benefit, however, was not conferred by Plaintiffs, but from Leo Group's development of a solid business reputation, Tranen's separate, independent decision to engage Leo Group as its broker and Leo Group's providing the required brokerage services to Tranen. Leo Group's engagement as Tranen's broker and any benefit Leo Group received as a result of that engagement had nothing to do with Plaintiffs. Leo Group earned the money it made as Tranen's broker pursuant to the terms of Leo Group's separate contract with Tranen. The benefit Leo Group received as Tranen's broker resulted from Leo Group's own efforts.

Leo Group was not unjustly enriched by anything Plaintiffs did. As a result, Plaintiffs' unjust enrichment claim against Leo Group should also be dismissed with prejudice.

WHEREFORE, for each and all of the above reasons, defendants Randy W. Bagley and The Leo Group, LLC request that the Court dismiss with prejudice Plaintiffs' claims against them, for costs of this action, and for all other just and proper relief.

Respectfully submitted,

*/s/ T. Joseph Wendt*
T. Joseph Wendt, Atty # 19622-49
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Telephone: 317-236-1313
Facsimile: 317-231-7433

*Attorney for The Leo Group and Randy W. Bagley*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of August 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ T. Joseph Wendt*