IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STAVANGER HOLDINGS, LTD and KARL ANDERSEN, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | CASE NO. 1:12-cv-0646 WTL-MJD |
| TRANEN CAPITAL, LTD., TRANEN CAPITAL ALTERNATIVE INVESTMENT FUND, LTD., THE LEO GROUP, LLC, KENNETH A. LANDGAARD, ARTHUR L. BOWEN, AND RANDY W. BAGLEY, ) ) ) ) ) ) | |
| Defendants. ) | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

**I.     INTRODUCTION AND SUMMARY OF ARGUMENT**

Defendants Tranen Capital, Ltd., Tranen Capital Alternative Investment Fund, Ltd., Kenneth A. Landgaard and Arthur L. Bowen ("Tranen Defendants") submit the following Brief in support of their Motion to Dismiss Count 1, for breach of contract, of the Amended Complaint of Plaintiffs Stavanger Holdings, Ltd. and Karl Anderson, on the ground that it fails to state a claim against these Defendants.

The original complaint filed by Plaintiffs contained a single claim, alleging the breach of a consulting agreement entered into between Defendant The Leo Group and Plaintiff Stavanger. In response, the Tranen Defendants moved to dismiss on the ground that the Tranen Defendants were not parties to the contract and thus could not be sued for its breach. Plaintiffs thereafter filed an amended complaint, adding a hodgepodge of allegations "on information and belief" regarding a supposed second agreement between the Tranen Defendants and Defendants The Leo Group, LLC and Randy W. Bagley; and the Tranen Defendants' involvement in the drafting of

the Agreement between The Leo Group and Stavanger. *See* Amended Complaint, ¶¶ 29, 33, 35. These allegations do not cure the fatal defect of plaintiffs' breach of contract claim, which continues to allege that the Tranen Defendants breached a contract to which they were not parties.

## II.   FACTUAL BACKGROUND

### A.   The Tranen Defendants are not Parties to the Written Contract Alleged to Have Been Breached.

The Amended Complaint alleges that the defendants "caus[ed] a breach of a consulting agreement" entered into on or around November 9, 2011, "a partially executed copy of which is annexed hereto as Exhibit 1." Amended Complaint, ¶ 1. Exhibit 1 to the Amended Complaint states that it is "by and between The Leo Group, LLC, an Indiana limited liability [sic] ('Company'), and Stavanger Holdings Ltd. of Britannia House, 21, 2nd Floor, Cator Road, Bandar Seri Begowan BS 8811, Brunei Darussalam a resident of the State [sic] New York ('Consultant')…." Ex. 1, page 1; "…the Company and Consultant agree as follows:…" *Id.;* Exhibit 1, page 6 (providing for signatures by only Consultant and The Leo Group). *See also* Amended Complaint, ¶31 ("…Mr. Andersen was asked to and in fact did sign the "Consulting Agreement" with Leo dated November 9, 2011 (the "Leo/Andersen Agreement" attached as Exhibit 1 hereto).")

The Consulting Agreement contains an "Entire Agreement; Modifications; and Conditions" section, stating that "This Agreement constitutes the entire agreement of the parties with respect to the subject matter thereof and supersede [sic] all prior agreements, oral and written, between the Company and Consultant with respect to the subject matter of this

2

Agreement.  This Agreement may be modified or amended only by an instrument in writing signed by both the Company and Consultant."  Agreement, §20.

The Agreement also provides that it "shall be governed by and construed in accordance with the laws of the state of Indiana."  Agreement, § 17.

### B. A Non-Party to a Contract May Not Be Sued for its Breach.

Indiana law is clear and unequivocal:  a non-party, non-privy to a contract may not be sued on it.  *Implement Service, Inc. v. Tecumseh Products Company, et al.,* 726 F.Supp 1171, 1182 (S.D.Ind. 1989)("It is basic law in Indiana that suits based on contract may be brought only against a party to the contract or against those in privity with the party.")(Citations omitted.)  *See also Broadhurst v. Moenning,* 633 N.E.2d 326, 334 (Ind.App. 1994); *Gonzales v. Kil Nam Chun,* 465 N.E.2d 727, 729 (Ind.App. 1984).  There is no allegation in the Amended Complaint that any of the Tranen Defendants are in privity with the actual parties to the Agreement.

The Court in *Implement Service* further held "Normally the parties to a contract can be identified as a matter of law by the very terms of the contract, as long as there is no ambiguity." *Implement Service,* 726 F.Supp. at 1182.  *See also Broadhurst,* 633 N.E.2d at 334.  In the present case, the Agreement is unambiguous that the parties to it are Stavanger Holdings, Ltd., and The Leo Group, LLC, and not any of the Tranen Defendants.  *See* Agreement, Page 1; §9; page 6; *see also* Amended Complaint, ¶¶ 31, 32 ("…Andersen … sign[ed] the "Consulting Agreement" with Leo dated November 9, 2011….  Andersen … entered into the Leo/Andersen Agreement through his company, Stavanger.")

The Amended Complaint alleges that "Clearly, the Leo/Andersen Agreement was intended to memorialize Tranen's promise to pay Andersen and protect Tranen without disclosing that Tranen was the true source of the payments."  Amended Complaint, ¶34.  To the

3

contrary, what is clear is that the only parties to the Agreement were Leo and Andersen/Stavanger. There is no ambiguity in the Agreement in this regard, no memorialization of any promise of Tranen to Andersen/Stavanger and no basis for finding that the Tranen Defendants are parties to the contract.

The Amended Complaint also alleges that the Tranen Defendants "insist[ed] on the insertion of various protective covenants to benefit Tranen." Amended Complaint, ¶ 33. The only mention of Tranen in the Agreement is in Section 12, which states in relevant part:

> Consultant shall not make any statement or comment… that would disparage or undermine, or could in any way be construed to be negative about, Company (including its principals, other employees, or any aspect of its business) or any clients or principals for which Company does Business during the Term to any third party including persons or entities involved in an existing or potential business or professional relationship with Company as disclosed to Consultant. In the event of any such comments, all payments of Compensation will immediately be suspended until such time as such comments have been retracted in writing, with appropriate explanation and apology, or until such time as Tranen is satisfied that there has been no adverse impact to its Business…."

Agreement, §12.

This reference to Tranen does not make the Tranen Defendants parties to the contract. Instead, at most it would mean that Tranen is a third-party beneficiary under the contract (as the Amended Complaint acknowledges by its reference to Tranen being "protected" by this provision). Amended Complaint, ¶ 50. Even if there were other covenants in the Agreement protective of Tranen, they would again and at most make Tranen a third-party beneficiary. Third-party beneficiaries of contracts have only benefits and no contractual obligations. *Evansville & S.I. Traction Co. v. Evansville Belt Ry. Co.,* 87 N.E. 21, 23-24 (Ind.App., 1909). Consequently, although Tranen may have the right in some circumstances to sue for enforcement of the contract, as a third-party beneficiary it cannot be sued on the contract. *Implement Services, Inc., supra,* 726 F. Supp. at 1182-83.

### III. CONCLUSION

Because Tranen Capital, Ltd., Tranen Capital Alternative Investment Fund, LLC, Kenneth A. Landgaard and Arthur L. Bowen are not parties to the written contract which the Amended Complaint alleges to have been breached, the Amended Complaint fails to state a claim against them for breach of contract. These Defendants respectfully request that the Court grant their Motion to Dismiss Count 1 of the Amended Complaint.

                FROST BROWN TODD LLC

                By: *//s/ Thomas E. Satrom*
                     Thomas E. Satrom, #20745-49

                     Attorneys for Defendants Tranen Capital, LTD., Tranen Capital Alternative Investment Fund, LTD, Kenneth A. Landgaard, and Arthur L. Bowen

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of August, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Ryan M. Hurley
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN  46204
*ryan.hurley@FaegreBD.com*

T. Joseph Wendt
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN  46204
*jwendt@btlaw.com*

Mauro M. Wolfe
Evangelos Michaildis
DUANE MORRIS LLP
1540 Broadway
New York, NY  10036-4086
*mmwolfe@duanemorris.com*
*emichailidis@duanemorris.com*

                                                                */s/ Thomas E. Satrom*

FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN  46244-0961
317-237-3800
Fax: 317-237-3900
tsatrom@fbtlaw.com

INDLibrary2 0124807.0596494   1144016v1