IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STAVANGER HOLDINGS, LTD and KARL ANDERSEN, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) CASE NO. 1:12-cv-0646 WTL-MJD ) |
| TRANEN CAPITAL, LTD., TRANEN CAPITAL ALTERNATIVE INVESTMENT FUND, LTD., THE LEO GROUP, LLC, KENNETH A. LANDGAARD, ARTHUR L. BOWEN, AND RANDY W. BAGLEY, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

**I.     INTRODUCTION AND SUMMARY OF ARGUMENT**

Defendants Tranen Capital, Ltd., Tranen Capital Alternative Investment Fund, Ltd., Kenneth A. Landgaard and Arthur L. Bowen ("Tranen Defendants") moved to dismiss the breach of contract claim alleged in Plaintiffs' Amended Complaint on the ground that it failed to state a claim against these defendants because they were not parties to the written contract alleged to have been breached.

Plaintiffs' Opposition argues that the Tranen Defendants, despite not being parties to the contract, should nonetheless be bound by it because they are in privity with the Leo Group, which was a party to contract.  "Privity" is a legal relationship and the Amended Complaint fails to allege any facts which could support a finding that this relationship existed between the Tranen Defendants and the Leo Group.  Accordingly, the breach of contract claim in the Amended Complaint should be dismissed.

## II.   THE TRANEN DEFENDANTS AND THE LEO GROUP ARE NOT IN PRIVITY.

"Privity" arises most often in the context of determining whether non-parties to litigation may nonetheless be bound by a judgment. *See Allen v. McCurry,* 449 U.S. 90, 94 (1980); *Lee v. City of Peoria*, 685 F.2d 196, 199 (7th Cir. 1982). It may also arise in the context of determining whether a non-party is subject to a contractual arbitration provision. *See Isp.com LLC v. Theising*, 805 N.E.2d 767, 774 (Ind. 2004); *Mislenkov v. Accurate Metal Detinning, Inc.*, 743 N.E.2d 286, 289 (Ind. Ct. App. 2001). Although these are not the issues presented in the instant case, the cases' discussion of "privity" is still relevant.

In each case, a determination of privity or lack of privity is based on an analysis of the relationship between the party and the non-party. The nature of this relationship then determines whether the non-party will be bound by the judgment or contractual provision. In the present case, the plaintiffs argue that because they think the Tranen Defendants should be bound by the contract, a relationship of privity between Tranen and Leo must exist. This turns the proper analysis on its head.

In *Southwest Airlines Company v. Texas International Airlines, Inc.*, 546 F.2d 84, 94, (5th Cir. 1977), the Court stated "Thus, the term privity does not state a reason for either including or excluding a person from the binding effect of a prior judgment, but rather it represents a legal conclusion that the relationship between the one who is party on the record and the non-party is sufficiently close to afford application of the principle of preclusion." (Citations omitted.) The Court went on to describe several types of relationships which had been found sufficiently close to justify a finding of privity. These included a non-party who has succeeded to a party's interest in property (buyer of a business with knowledge of unfair labor practices who continues the business without interruption or substantial change in operations, employee complement, or

supervisory personnel is subject to an NLRB order binding the seller of the business and its "successors"); a president and sole shareholder controlling the original litigation which resulted in a judgment against the corporation; and a parent corporation controlling a subsidiary corporation. *Id.* (Citations omitted.) The Court also noted that preclusion will be found when a non-party whose interests were represented adequately in the original suit, such as when the United States represents interests of American Indians, when a trustee represents beneficiaries, state represents interests of home-rule county, and when the local government represents interests of the public. *Id.* (Citations omitted).

In *Isp.com LLC v. Theising*, 805 N.E.2d 767, 774 (Ind. 2004), the Court found that a receiver was bound by an arbitration provision because a receiver stepped into the shoes of the corporation and thus there is "a mutual or successive relationship with [a party] with regard to property or that their interests are so identical as to represent the same legal right."

The Amended Complaint contains no allegations establishing the type of legal relationship between the Tranen Defendants and the Leo Group which would show either a mutual or successive relationship or that there is such an identity of interest as to represent the same legal right.

The Amended Complaint, in fact, alleges that Tranen corporate entities are organized under the laws of the British Virgin Islands and are "merely the alter egos of Landgaard and Bowen." It alleges that the Leo Group, LLC is organized under the laws of the State of Indiana and that it is "merely the alter ego of Bagley…." Amended Complaint, ¶¶ 6, 8, 13, 15. The entities are alleged to be separate, unrelated entities. There is no allegation of any facts showing a legal relationship between Tranen and Leo, such as receiver, successor in interest or parent/subsidiary, which would permit a conclusion that Tranen and Leo are in privity.

3

Plaintiffs have attached as exhibits to the Amended Complaint certain e-mails which they contend show the mutual or identity of interest which would give rise to a relationship of privity. *See* Amended Complaint, Exs. 3 – 9. These exhibits demonstrate nothing of the kind, and in fact demonstrate that Tranen and Leo had their own separate interests in the negotiations. For example, in Exhibit 4, Mr. Bagley of the Leo e-mails Mr. Andersen at Stavanger "**We** are meeting with **our** attorney tomorrow. It is imperative that we have agreerments [sic] in place since **we** are thje [sic] ones committing to $3M!" (Emphasis added.) In Exhibit 5, Mr. Bagley wrote "Also, just for clarification we need 2 agreements as well. One with Karl to pay him and one with the fund to protect **us** as **we** assume this obligation. Anything you guys do between each other is out of our hands. I understand Karl your desire to keep our agreement simple however **we** will be on the hook for $3M so we need to make sure it is done right." (Emphasis added.) Consistent with Leo, not Tranen, being a party to the contract with Stavanger, Mr. Bagley recognized that Leo, not Tranen, was responsible for the contemplated payments to Stavanger.

Plaintiffs speculate that there is a second agreement – a contract between Tranen and Leo which obligates Tranen to reimburse Leo for payments to plaintiffs. Amended Complaint, ¶¶ 29, 37. Even if true, these allegations show that Tranen had an obligation to Leo and Leo had an obligation to Stavanger and there is no mutuality or identity of interest as to Tranen and Leo.

Further demonstrating the lack of identity of interest is the insertion in the contract of a non-disparagement clause providing Tranen (as a third-party beneficiary) with certain rights not given to Leo. Ex. 1, § 12. Even if the actual contents of the e-mails supported plaintiffs' claim that Tranen negotiated some of the terms of the agreement between Stavanger and Leo, plaintiffs have failed to cite any case where this was found sufficient to establish privity.

4

### III. CONCLUSION

Indiana law is clear and unequivocal: a non-party, non-privy to a contract may not be sued on it. *Implement Service, Inc. v. Tecumseh Products Company, et al.,* 726 F.Supp 1171, 1182 (S.D.Ind. 1989)("It is basic law in Indiana that suits based on contract may be brought only against a party to the contract or against those in privity with the party.")(Citations omitted.) *See also Broadhurst v. Moenning,* 633 N.E.2d 326, 334 (Ind.App. 1994); *Gonzales v. Kil Nam Chun,* 465 N.E.2d 727, 729 (Ind.App. 1984). The Amended Complaint contains no allegations establishing the type of legal relationship between Tranen and Leo which would permit an inference that a relationship of privity existed between Tranen and Leo.

Simply put, no case has ever found privity to exist based on allegations anywhere close to what is alleged in the Amended Complaint. Count I of the Amended Complaint should be dismissed.

        FROST BROWN TODD LLC

        By: */s/ Thomas E. Satrom*
            Thomas E. Satrom, #20745-49

        Attorneys for Defendants Tranen Capital, LTD., Tranen Capital Alternative Investment Fund, LTD, Kenneth A. Landgaard, and Arthur L. Bowen

## CERTIFICATE OF SERVICE

I hereby certify that on this 29thth day of August, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Ryan M. Hurley
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN  46204
*ryan.hurley@FaegreBD.com*

T. Joseph Wendt
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN  46204
*jwendt@btlaw.com*

Mauro M. Wolfe
Evangelos Michaildis
DUANE MORRIS LLP
1540 Broadway
New York, NY  10036-4086
*mmwolfe@duanemorris.com*
*emichailidis@duanemorris.com*

　

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Thomas E. Satrom*

FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN  46244-0961
317-237-3800
Fax: 317-237-3900
tsatrom@fbtlaw.com

INDLibrary2 0124807.0596494   1148885v1