IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STAVANGER HOLDINGS, LTS and KARL ANDERSEN, <br><br> Plaintiffs, <br><br> v. <br> TRANEN CAPITAL, LTD, TRANEN CAPITAL ALTERANTIVE INVESTMENT FUND, LTD., THE LEO GROUP, LLC, KENNETH A. LANDGAARD, ARTHUR L. BOWEN AND RANDY W. BAGLEY <br><br> Defendants. | ) ) ) ) ) ) ) CASE NO. 1:12-cv-0646 WTL-DKL ) ) ) ) ) ) ) ) |

**RANDY BAGLEY'S AND THE LEO GROUP'S REPLY IN SUPPORT OF THEIR MOTIONS TO DISMISS**

Plaintiffs' Opposition attempts to avoid the allegations in their Amended Complaint. They contend that they do not seek to impose alter ego liability on Mr. Bagley, yet the only allegation against Mr. Bagley is limited to such a theory and Plaintiffs specifically identify only the Tranen defendants and/or Leo Group as parties to the contract allegedly breached. Further, Plaintiffs ask the Court to infer the existence of a signed contract with Leo Group, yet they attach an unsigned version to their Amended Complaint, admit they do not have a signed version and do not allege any facts making the existence of a signed agreement plausible. Finally, Plaintiffs admit that they performed services for the Tranen defendants, not Leo Group, and thus did not confer any benefit on the Leo Group that could be the subject of an unjust enrichment claim.

Plaintiffs have had two chances to allege facts making their claims against Mr. Bagley and the Leo Group plausible. They failed to meet that burden both times. Plaintiffs' claims

against Mr. Bagley and the Leo Group should be dismissed for failure to state cognizable claims, and this dismissal should be with prejudice.

**I.      Plaintiffs Have No Claim Against Mr. Bagley.**

Plaintiffs' Amended Complaint makes *a single* allegation against Randy Bagley: "Leo [Group] is merely the alter ego of Bagley because the corporation is heavily influenced and governed by him and there is such a complete unity of interest between Leo [Group] and Bagley that the entity is inseparable from him." (Am. Complt. ¶ 15.). As Mr. Bagley and Leo Group demonstrated in their opening brief, this single, conclusory sentence does not plausibly state a claim for piercing Leo Group's existence and holding Mr. Bagley liable as Leo Group's alter ego.

Plaintiffs appear to agree. Plaintiffs' Opposition ignores the actual allegations in their Amended Complaint and states they are *not* "alleging a claim for alter ego liability against Bagley," but have sued Mr. Bagley because the "believe that he may have personally committed to paying Andersen. In Plaintiffs' view, the Defendants have jointly and severally committed to paying Andersen." (Opposition at 13-14.) This statement should be rejected for multiple reasons.

First, contrary to the above statement, Plaintiffs' Amended Complaint seeks *only* to impose alter ego liability on Mr. Bagley. There is no other allegation against him. Plaintiffs did not support this allegation with any facts in the Amended Complaint and they have abandoned this theory in their response to Mr. Bagley's motion. Since there are no other allegations against Mr. Bagley, he should be dismissed from this suit.

Second, Plaintiffs' do *not* claim Mr. Bagley "committed to paying Andersen." Plaintiffs allege a contract with only the Leo Group and/or the Tranen Defendants, *not* with Bagley:

2

- "... *Landgaard and Bowen* ... decided that they no longer required Andersen's services and *agreed* to compensate Andersen $3 million for his past services." (Am. Complt. ¶ 25) (emphasis supplied).

- "It was unclear at the time whether *the promise Landgaard and Bowen made* to pay Andersen $3 million was in their individual capacities or on behalf of Tranen." (Am. Complt. ¶ 26) (emphasis supplied).

- "*Andersen, Landgaard and Bowen agreed* that the obligation to pay Andersen should be set forth in a written agreement." (Am. Complt. ¶ 27) (emphasis supplied).

- "In order to effectuate Tranen's apparent goals, Tranen required that *Leo enter* into an agreement promising to pay Andersen $3 million." (Am. Complt. ¶ 28) (emphasis supplied).

- "Upon information and belief, as a condition for *Leo to assume* Tranen's payment obligation to Andersen . . .." (Am. Complt. ¶ 29) (emphasis supplied).

- "In order to effectuate this unusual payment arrangement, Mr. Andersen was asked to and in fact did sign the 'Consulting Agreement' *with Leo* . . .." (Am. Complt. ¶ 31) (emphasis supplied).

Plaintiffs' Amended Complaint does not contain a single allegation that Mr. Bagley personally promised Plaintiffs anything. Plaintiffs affirmatively allege the purported agreements were with the Tranen Defendants and/or Leo Group. Plaintiffs' contrary statement in their Opposition has no foundation in the Amended Complaint and should be disregarded.

Third, Plaintiffs' "belief" that Mr. Bagley "may have" committed to paying Andersen is not a factual allegation of any sort and is not sufficient to make their (non-existent) claim against Mr. Bagley plausible, as is their burden.

3

For each and all of the above reasons, and those articulated in Defendants' opening brief, Plaintiffs' claims against Mr. Bagley should be dismissed. And, given the total absence of any factual allegations against Mr. Bagley, in two attempts, this dismissal should be with prejudice.

**II.  Leo Group's Payment to Andersen Does Not Create an Inference That a Fully Executed Contract Exists and Does Not Remove Plaintiffs' Claim From the Statute of Frauds.**

Plaintiffs do not contest that (1) the parties intended to be bound only upon the existence of a fully executed document; (2) the purported contract at issue could not be performed within one year; or (3) the Statute of Frauds requires that the purported contract be executed by the Leo Group in order to be enforceable. And Plaintiffs affirmative admit they do not possess a contract executed by Leo Group. (Opposition at 12.) These uncontested and admitted facts establish the validity of Leo Group's motion to dismiss. Plaintiffs have not, and by their admission cannot, establish the existence of an enforceable contract with Leo Group.

Plaintiffs' request that the Court infer the existence of a fully executed contract from the fact that Leo Group paid Andersen $525,000 is a *non sequitur*. Leo Group's payment to Andersen says nothing about whether Leo Group executed the document Andersen contends is a contract between him and Leo Group and says nothing about whether Leo Group believes it has any additional obligations to Andersen. At most, Leo Group's payment to Andersen of $525,000 may be evidence that Leo Group thought it owed Andersen that amount. Indiana law is clear that such an alleged partial payment is insufficient to remove a purported contract from the Statute of Frauds. *Perkins v. Owens*, 721 N.E.2d 289, 292 (Ind. Ct. App. 1999) ("Partial payment alone is not sufficient to constitute partial performance and removal from within the statute of frauds.")

Plaintiffs' citation to *Wilkinson v. First Nat'l Bank*, 214 Ind. 513, 515-16 (Ind. 1938), is unavailing. That case stands for the position that a plaintiff's breach of contract claim should not

4

be dismissed simply because it does not possess the fully executed document where it affirmatively alleges that the contract was signed.  That is not the case here.

Plaintiffs here admit they do *not* possess a fully executed document and they do not allege any facts that make the existence of a fully executed document plausible.  Accordingly, Plaintiffs have not satisfied their burden of properly alleging the existence of an enforceable contract with Leo Group.

Because Plaintiffs admit they cannot satisfy the Statute of Frauds, their breach of contract claim against Leo Group should be dismissed with prejudice.

### III.   Plaintiffs' Allegations Affirmatively Negate Their Unjust Enrichment Claim Against Leo Group.

Plaintiffs allege they provided services for the direct benefit of the Tranen defendants, not Leo Group.  They do not allege that they performed services intended to even indirectly benefit Leo Group or that any benefit they conferred on Tranen was passed through to Leo Group.

The purported benefit Leo Group received was that it brokered the deals Andersen brought to Tranen.  But that fact is causally unrelated to Andersen's services to Tranen.  Specifically, Tranen chose Leo Group as its broker, presumably because it thought Leo Group best fit Tranen's needs.  Leo Group was paid by Tranen as Tranen's broker for brokerage services Leo Group provided it.  Thus, Leo Group received a benefit for those brokerage services as a result of its own efforts.  *Leo Group earned the benefits it received as Tranen's broker.*  Those benefits were not conferred upon Leo Group, in any way, by Andersen.

Andersen's claim that Leo Group should disgorge to Andersen benefits it received through its own efforts as Tranen's broker fails to state a claim and should also be dismissed.

WHEREFORE, for each and all of the above reasons, defendants Randy W. Bagley and The Leo Group, LLC request that the Court dismiss with prejudice Plaintiffs' claims against them, for costs of this action, and for all other just and proper relief.

Respectfully submitted,

/s/ T. Joseph Wendt
T. Joseph Wendt, Atty # 19622-49
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Telephone: 317-236-1313
Facsimile: 317-231-7433

*Attorney for The Leo Group and Randy W. Bagley*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of August 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ T. Joseph Wendt