UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STAVANGER HOLDINGS, LTD., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:12-cv-646-WTL-DKL |
| ) | |
| TRANEN CAPITAL, LTD., et al., ) | |
| ) | |
| Defendants. ) | |

### ENTRY DIRECTING SUPPLEMENTAL JURISDICTIONAL STATEMENT

While reviewing the pending motions in this case, it has come to the Court's attention that the Plaintiffs have failed to plead the citizenship of some of the parties in this case. Specifically:

1. The Amended Complaint alleges the states of residency of Plaintiff Karl Andersen and Defendants Kenneth Landgaard, Arthur Bowen, and Randy Bagley, but fails to allege their citizenship. S*ee Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir.2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction.").

2. The Complaint alleges that Defendant The Leo Group, LLC, is an Indiana limited liability company, but it does not allege the members of the company or the citizenship of those members.  S*ee Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (for purposes of diversity jurisdiction, citizenship of limited liability company is the citizenship of each of its members).

3. Plaintiff Stavanger Holdings, Ltd., and Defendants Tranen Capital, Ltd., and Tranen Capital Alternative Investment Fund, Ltd., each is alleged to be a "limited

corporation" organized under the law of a foreign country. In order to determine the citizenship of each of those Defendants, it is first necessary to determine whether the business form in question is the equivalent of a U.S. corporation, a U.S. limited liability company, or perhaps some other business entity, as different rules for determining citizenship apply to corporations than apply to other business entities. S*ee Lear Corp. v. Johnson Electric Holdings Ltd.*, 353 F.3d 580, 582 (7th Cir. 2003). Unfortunately, the Amended Complaint does not provide this information and the Court has no independent knowledge of the laws governing business entities in either of the countries in question.

**On or before November 13, 2012,** the Plaintiffs shall file a Notice Regarding Diversity Jurisdiction which sets forth sufficient information to permit the Court to determine that it has subject matter jurisdiction over this case. The failure to address the deficiencies listed above will result in the dismissal of the amended complaint for lack of jurisdiction.

SO ORDERED: 10/17/2012

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification