IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STAVANGER HOLDINGS, LTD and KARL ANDERSEN, <br><br> Plaintiffs, <br><br> vs. <br><br> TRANEN CAPITAL, LTD, TRANEN CAPITAL ALTERNATIVE INVESTMENT FUND, LTD., THE LEO GROUP, LLC, KENNETH A. LANDGAARD, ARTHUR L. BOWEN and RANDY W. BAGLEY, <br><br> Defendants. | Civil Action No.: 1:12 cv - 00646 (WTL)(DKL) <br><br> **NOTICE REGARDING DIVERSITY JURISDICTION** |

In response to this Court's Entry Directing Supplemental Jurisdictional Statement, dated October 17, 2012, Plaintiffs Stavanger Holdings, Ltd. and Karl Andersen (collectively, the "Plaintiffs"), by and through their attorneys, Faegre Baker Daniels LLP and Duane Morris LLP, provide the following information about the parties' citizenship:

**Diversity Jurisdiction Requires Complete Diversity Between the Parties**

1. Jurisdiction pursuant to 28 U.S.C.S. § 1332(a) requires complete diversity between the parties. In cases with multiple plaintiffs or multiple defendants, no plaintiff may be a citizen of the same state as any defendant. *See Exxon Mobil Corp. v. Allapattah Svcs. Inc.*, 545 U.S. 546, 553, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005).

2. The presence of foreigners on both sides of a diversity case does not destroy diversity. *See Tango Music, L.L.C. v. Deadquick Music, Inc.*, 348 F.3d 244, 245 (7th Cir. Ill. 2003)(the presence of foreigners on both sides of a diversity case does not destroy diversity);

*Zenith Elecs. Corp. v. Kimball Int'l Mfg., Inc.*, 114 F. Supp. 2d 764, 768 (N.D. Ill. 2000) (the language of § 1332(a) clearly dictates that federal diversity jurisdiction exists where aliens are additional parties in a suit between American citizens of different states).

*Individual Parties*

3. Plaintiff Karl Andersen is a citizen of the State of New York. His address is 250 West 50th St., Apt. 25 A, New York, New York 10019. Andersen is diverse from each Defendant. Defendant Arthur Bowen is a citizen of the State of Massachusetts. His address is 155 Federal Street, Boston, Massachusetts 02110. Bowen is diverse from each Plaintiff.

4. Defendant Kenneth Landgaard is a citizen of the State of Minnesota. His address is 3750 Wahtomin Trail NW, Alexandria, Minnesota 56308. Landgaard is diverse from each Plaintiff.

5. Defendant Randy Bagley is a citizen of the State of Indiana. His address is 3109 W 300, S. Tipton, Indiana 46072. Bagley is diverse from each Plaintiff.

*Corporate Parties*

6. Upon information and belief, Defendant The Leo Group LLC ("Leo") is a limited U.S. corporation. Accordingly, Leo has the same citizenship as each of its members. Upon information and belief, Leo has two members: Defendant Randy Bagley and, his son, Brock W. Bagley, who is the managing member of Leo. As alleged above, Defendant Randy Bagley is a citizen of the State of Indiana. Brock W. Bagley is also a citizen of the State of Indiana. Upon information and belief, his address is 13114 Franklin Hall, Carmel, Indiana 46033.

7. Since both Randy and Brock Bagley are diverse from each Plaintiff, Leo is diverse from each Plaintiff.

8. Tranen Capital, Ltd. ("Capital") and Tranen Capital Alternative Investment Fund, Ltd. (the "Fund") (collectively, Tranen and the Fund will be referred to as "Tranen") are limited corporations formed in the British Virgin Islands with their principal place of business in the BVI. The U.S. Supreme Court has held that a limited corporation organized under the laws of the BVI is a citizen of the United Kingdom for purposes of diversity. *See J.P. Morgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 90 (2002).

9. Plaintiff Stavanger Holdings, Ltd. ("Stavanger") is a limited corporation formed in Brunei with a principal place of business located at Britannia House, 21, Cator Road, Bandar Seri Begawan, Brunei Darussalam. Plaintiff Andersen is Stavanger's only member and he is a citizen of New York.

10. Plaintiffs have been unable to find any authority which addresses whether a limited corporation formed in Brunei is equivalent to a limited corporation formed in the U.S. for purposes of determining diversity.

11. Nevertheless, Stavanger's citizenship will not destroy diversity here. If Stavanger is equivalent to a U.S. limited corporation, it would be a citizen of New York as Plaintiff Andersen is its only member. Under such a scenario, Stavanger would be diverse from each Defendant.

12. Likewise, if Stavanger is a citizen of Brunei, there would still be complete diversity as the presence of foreigners on both sides of a diversity case does not destroy diversity. *See Tango Music, L.L.C., supra,* 348 F.3d at 245.

**Jurisdiction Is Still Proper Pursuant to the Agreement**

13. Even if the parties are not completely diverse, the Amended Complaint alleges that jurisdiction and venue are appropriate in this Court pursuant to Section 17 of the Agreement, which provides that "the parties agree to venue and jurisdiction in the state and federal courts located in Marion County, Indiana … shall be the courts of exclusive jurisdiction and venue over any enforcement" of the Agreement. *See* Amended Complaint, par. 3.

Dated: November 13, 2012
       Indianapolis, IN

Respectfully submitted:

FAEGRE BAKER DANIELS LLP

s/ Ryan M. Hurley

Ryan M. Hurley
Email: Ryan.Hurley@faegrebd.com
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
(317) 237-1144


and

DUANE MORRIS LLP

s/Mauro M. Wolfe

Mauro M. Wolfe
E-mail:mmwolfe@duanemorris.com
Evangelos Michailidis
E-mail:emichailidis@duanemorris.com

1540 Broadway
New York, NY 10036-4086
(212) 692 1000

*Attorneys for Plaintiffs Stavanger Holdings, Ltd. and Karl Andersen*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system:

| | |
|---|---|
| Thomas E. Satrom | T. Joseph Wendt |
| FROST BROWN TODD LLC | BARNES & THORNBURG LLP |
| tsatrom@fbtlaw.com | jwendt@btlaw.com |

/s/ Ryan M. Hurley