IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STAVANGER HOLDINGS, LTD and KARL ANDERSEN, <br><br> Plaintiffs, <br><br> v. <br><br> TRANEN CAPITAL, LTD., TRANEN CAPITAL ALTERNATIVE INVESTMENT FUND, LTD., THE LEO GROUP, LLC, KENNETH A. LANDGAARD, ARTHUR L. BOWEN, AND RANDY W. BAGLEY, <br><br> Defendants. | CASE NO. 1:12-cv-0646 WTL-MJD |

## ANSWER TO AMENDED COMPLAINT

Defendants Tranen Capital, Ltd., Tranen Capital Alternative Investment Fund, Ltd., Kenneth A. Landgaard and Arthur L. Bowen ("Defendants"), for themselves and themselves alone, hereby respond to the amended complaint on file herein as follows:

1. Defendants deny the allegations of this paragraph.

2. Defendants are informed and believe that the allegations of this paragraph are true and correct.

3. Defendants object to the allegations of this paragraph on the ground that they are irrelevant and immaterial.

4. Defendants lack sufficient information and belief to admit or deny the allegations of this paragraph and, based on such lack of information and belief, deny the allegations of this paragraph.

5. Defendants lack sufficient information and belief to admit or deny the allegations of this paragraph and, based on such lack of information and belief, deny the allegations of this paragraph.

6. Defendants admit the allegations of this paragraph.

7. Defendants admit the allegations of this paragraph.

8. Defendants admit the allegations of this paragraph.

9. Defendants are informed and believe that the allegations of this paragraph are true and correct, except that "principle" should be "principal."

10. Defendants admit the allegations of this paragraph.

11. Defendants admit the allegations of this paragraph, except that Massachusetts is a Commonwealth.

12. Defendants are informed and believe that the allegations of this paragraph are true and correct.

13. Defendants deny the allegations of this paragraph.

14. Defendants deny the allegations of this paragraph.

15. Defendants lack sufficient information and belief to admit or deny the allegations of this paragraph and, based on such lack of information and belief, deny the allegations of this paragraph.

16. Defendants admit the allegations of this paragraph.

17. Defendants deny the allegations of this paragraph.

18. Defendants admit that they hired Andersen as an independent contractor to advise Tranen on the international Life Settlement Industry and to develop the Fund's foreign clientele. Except as so admitted, defendants deny the allegations of this paragraph.

19. Defendants admit that no alleged promise was memorialized in writing. Except as so admitted, defendants deny the allegations of this paragraph.

20. Defendants deny the allegations of this paragraph.

21. Defendants object to the allegations of this paragraph on the ground that it is vague and ambiguous, in part because it is uncertain what is meant by the term "vast majority." Defendants admit that a majority of the investors in the Fund between 2008 and 2011 came from Andersen's contacts.

22. Defendants deny the allegations of this paragraph.

23. Defendants lack sufficient information and belief to admit or deny the allegations of this paragraph and, based on such lack of information and belief, deny the allegations of this paragraph.

24. Defendants lack sufficient information and belief to admit or deny the allegations of this paragraph and, based on such lack of information and belief, deny the allegations of this paragraph.

25. Defendants deny the allegations of this paragraph.

26. Defendants deny that any such promise was made either in their individual capacities or on behalf of Tranen.

27. Defendants deny the allegations of this paragraph.

28. Defendants deny the allegations of this paragraph.

29. Defendants deny the allegations of this paragraph.

30. Defendants admit that plaintiffs purport to refer to certain alleged agreements as "Agreements." Except as so admitted, defendants deny each allegation of this paragraph.

31. Defendants deny the allegations of this paragraph to the extent they are directed at them. As to the remaining allegations of this paragraph, defendants lack sufficient information and belief to admit or deny the allegations of this paragraph and, based on such lack of information and belief, deny these allegations.

32. Defendants lack sufficient information and belief to admit or deny the allegations of this paragraph and, based on such lack of information and belief, deny the allegations of this paragraph.

33. Defendants deny the allegations of this paragraph.

34. Defendants deny the allegations of this paragraph.

35. Defendants deny the allegations of this paragraph.

36. Defendants admit that plaintiffs purport to have attached "excerpts" of e-mail chains as exhibits to the Amended Complaint. Except as so admitted, defendants deny the allegations of this paragraph.

37. Defendants deny the allegations of this paragraph.

38. Defendants admit that plaintiffs have quoted from purported e-mail communications. Except as so admitted, defendants lack sufficient information and belief to admit or deny the allegations of this paragraph and, based on such lack of information and belief, deny the remaining allegations of this paragraph.

39. Defendants admit that plaintiffs have quoted from purported e-mail communications. Except as so admitted, defendants lack sufficient information and belief to admit or deny the allegations of this paragraph and, based on such lack of information and belief, deny the remaining allegations of this paragraph.

40. Defendants lack sufficient information and belief to admit or deny the allegations of this paragraph and, based on such lack of information and belief, deny the allegations of this paragraph.

41. In light of the Court's ruling that these defendants are not a party to this alleged agreement and cannot be sued for the breach of it, defendants object to these allegations on the ground that they are irrelevant and immaterial.

42. In light of the Court's ruling that these defendants are not a party to this alleged agreement and cannot be sued for the breach of it, defendants object to these allegations on the ground that they are irrelevant and immaterial.

43. In light of the Court's ruling that these defendants are not a party to this alleged agreement and cannot be sued for the breach of it, defendants object to these allegations on the ground that they are irrelevant and immaterial.

44. In light of the Court's ruling that these defendants are not a party to this alleged agreement and cannot be sued for the breach of it, defendants object to these allegations on the ground that they are irrelevant and immaterial.

45. In light of the Court's ruling that these defendants are not a party to this alleged agreement and cannot be sued for the breach of it, defendants object to these allegations on the ground that they are irrelevant and immaterial.

46. In light of the Court's ruling that these defendants are not a party to this alleged agreement and cannot be sued for the breach of it, defendants object to these allegations on the ground that they are irrelevant and immaterial.

47. In light of the Court's ruling that these defendants are not a party to this alleged agreement and cannot be sued for the breach of it, defendants object to these allegations on the ground that they are irrelevant and immaterial.

48. In light of the Court's ruling that these defendants are not a party to this alleged agreement and cannot be sued for the breach of it, defendants object to these allegations on the ground that they are irrelevant and immaterial.

49. In light of the Court's ruling that these defendants are not a party to this alleged agreement and cannot be sued for the breach of it, defendants object to these allegations on the ground that they are irrelevant and immaterial.

50. In light of the Court's ruling that these defendants are not a party to this alleged agreement and cannot be sued for the breach of it, defendants object to these allegations on the ground that they are irrelevant and immaterial.

51. In light of the Court's ruling that these defendants are not a party to this alleged agreement and cannot be sued for the breach of it, defendants object to these allegations on the ground that they are irrelevant and immaterial.

52. In light of the Court's ruling that these defendants are not a party to this alleged agreement and cannot be sued for the breach of it, defendants object to these allegations on the ground that they are irrelevant and immaterial.

53. In light of the Court's ruling that these defendants are not a party to this alleged agreement and cannot be sued for the breach of it, defendants object to these allegations on the ground that they are irrelevant and immaterial.

54. In light of the Court's ruling that these defendants are not a party to this alleged agreement and cannot be sued for the breach of it, defendants object to these allegations on the ground that they are irrelevant and immaterial.

55. In light of the Court's ruling that these defendants are not a party to this alleged agreement and cannot be sued for the breach of it, defendants object to these allegations on the ground that they are irrelevant and immaterial.

56. Defendants lack sufficient information and belief to admit or deny the allegations of this paragraph and, based on such lack of information and belief, deny the allegations of this paragraph.

57. Defendants lack sufficient information and belief to admit or deny the allegations of this paragraph and, based on such lack of information and belief, deny the allegations of this paragraph.

58. – 65. The Court has dismissed this claim against these defendants and they consequently decline to respond to these paragraphs.

66. Defendants incorporate herein by reference as though set forth in full their responses to paragraphs 1-57 of the amended complaint.

67. Defendants admit the allegations of this paragraph.

68. Defendants deny the allegations of this paragraph.

69. Defendants deny the allegations of this paragraph.

70. Defendants deny the allegations of this paragraph.

71. Defendants deny the allegations of this paragraph.

## SEPARATE AND ADDITIONAL DEFENSES

Defendants, based on information and belief, state the following separate and additional defenses.

1. Plaintiffs' Amended Complaint fails to state a valid claim for relief against these defendants.

2. Plaintiffs' claims are barred by the doctrines of estoppel, laches, waiver and unclean hands.

3. Plaintiffs' claims are barred by the applicable statute(s) of limitations.

4. Plaintiffs' claims are barred by the statute of frauds.

5. Plaintiffs' damages, if any, are the result of acts and omissions of persons or entities other than these defendants, including plaintiffs themselves.

6. Plaintiffs' damages, if any, are barred in whole or in part by plaintiffs' failure to mitigate them.

7. Defendants have fulfilled all obligations, if any, which are owed to plaintiffs.

8. Plaintiffs have received more than sufficient compensation for the value of the services, if any, provided.

WHEREFORE, defendants pray that plaintiffs take nothing by their complaint, that judgment be entered in favor of defendants and against plaintiff, that defendants be awarded their costs of suit, including attorneys' fees, and for such other and further relief as the Court deems just and proper.

        FROST BROWN TODD LLC

        By: */s/ Thomas E. Satrom*
            Thomas E. Satrom, #20745-49

            Attorneys for Defendants Tranen Capital, LTD., Tranen Capital Alternative Investment Fund, LTD, Kenneth A. Landgaard, and Arthur L. Bowen

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of December, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Ryan M. Hurley
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN  46204
*ryan.hurley@FaegreBD.com*

T. Joseph Wendt
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN  46204
*jwendt@btlaw.com*

Mauro M. Wolfe
Evangelos Michaildis
DUANE MORRIS LLP
1540 Broadway
New York, NY  10036-4086
*mmwolfe@duanemorris.com*
*emichailidis@duanemorris.com*

　　　　　　　　　　　　　　　　　　　　　　　　 */s/ Thomas E. Satrom*

FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN  46244-0961
317-237-3800
Fax: 317-237-3900
tsatrom@fbtlaw.com

INDLibrary2 0124807.0596494   1175672v1