IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STAVANGER HOLDINGS, LTS and KARL ANDERSEN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   CASE NO. 1:12-cv-0646 WTL-MJD |
| THE LEO GROUP, LLC | ) ) ) |
| Defendant. | ) ) ) ) ) ) |

**DEFENDANT THE LEO GROUP LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

For its Answer to Plaintiff's Amended Complaint and Affirmative Defenses defendant The Leo Group, LLC ("Leo Group") states and alleges:

**Nature of This Action**

1. To the extent paragraph 1 of Plaintiff's Amended Complaint makes any allegation against Leo Group, they are denied and Leo Group denies Plaintiff is entitled to any relief.

**Jurisdiction and Venue**

2. Leo Group agrees this Court has subject matter jurisdiction.

3. Leo Group agrees that this Court is a proper venue.

**Plaintiffs**

4. Leo Group lacks knowledge or information sufficient to admit or deny the allegations in paragraph 4 of Plaintiffs' Amended Complaint.

5. Leo Group lacks knowledge or information sufficient to admit or deny the allegations in paragraph 5 of Plaintiffs' Amended Complaint.

**Defendants**

6. Leo Group lacks knowledge or information sufficient to admit or deny the allegations in paragraph 6 of Plaintiffs' Amended Complaint.

7. Paragraph 7 of the Amended Complaint makes no allegations against the Leo Group. To the extent paragraph 7 can be construed to make allegations against Leo Group, they are denied.

8. Leo Group lacks knowledge or information sufficient to admit or deny the allegations in paragraph 8 of Plaintiffs' Amended Complaint.

9. Leo Group admits the allegations in paragraph 9 of Plaintiff's Amended Complaint.

10. Leo Group lacks knowledge or information sufficient to admit or deny the allegations in paragraph 10 of Plaintiffs' Amended Complaint.

11. Leo Group lacks knowledge or information sufficient to admit or deny the allegations in paragraph 11 of Plaintiffs' Amended Complaint.

12. Randy Bagley is no longer a party to this action. Notwithstanding this fact, Leo Group admits the allegations in paragraph 12 of Plaintiffs' Amended Complaint.

13. Paragraph 13 of the Amended Complaint makes no allegations against the Leo Group. To the extent paragraph 13 can be construed to make allegations against Leo Group, they are denied.

14. Paragraph 14 of the Amended Complaint makes no allegations against the Leo Group. To the extent paragraph 14 can be construed to make allegations against Leo Group, they are denied.

15. Leo Group denies the allegations contained in paragraph 15 of Plaintiffs' Amended Complaint.

**Facts**

16. Leo Group lacks knowledge or information sufficient to admit or deny the allegations in paragraph 16 of Plaintiffs' Amended Complaint.

17. Leo Group lacks knowledge or information sufficient to admit or deny the allegations in paragraph 17 of Plaintiffs' Amended Complaint.

18. Leo Group lacks knowledge or information sufficient to admit or deny the allegations in paragraph 18 of Plaintiffs' Amended Complaint.

19. Leo Group lacks knowledge or information sufficient to admit or deny the allegations in paragraph 19 of Plaintiffs' Amended Complaint.

20. Leo Group lacks knowledge or information sufficient to admit or deny the allegations in paragraph 20 of Plaintiffs' Amended Complaint.

21. Leo Group lacks knowledge or information sufficient to admit or deny the allegations in paragraph 21 of Plaintiffs' Amended Complaint.

22. Leo Group lacks knowledge or information sufficient to admit or deny the allegations in paragraph 22 of Plaintiffs' Amended Complaint.

23. Leo Group denies the allegations in paragraph 23 of Plaintiffs' Amended Complaint.

24. Leo Group lacks knowledge or information sufficient to admit or deny the allegations in paragraph 24 of Plaintiffs' Amended Complaint.

25. Leo Group lacks knowledge or information sufficient to admit or deny the allegations in paragraph 25 of Plaintiffs' Amended Complaint.

26. Leo Group lacks knowledge or information sufficient to admit or deny the allegations in paragraph 26 of Plaintiffs' Amended Complaint.

27. Leo Group lacks knowledge or information sufficient to admit or deny the allegations in paragraph 27 of Plaintiffs' Amended Complaint.

28. Leo Group denies that Tranen required it to enter an agreement promising to pay Andersen $3 million and denies any such contract exists. Leo Group lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 28 of Plaintiffs' Amended Complaint.

29. Leo Group denies that it has assumed any obligations to either Plaintiff and denies that it required Tranen to enter any agreement with it regarding Plaintiffs. Leo Group lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 29 of Plaintiffs' Amended Complaint.

30. Leo Group denies the existence of the alleged agreements. The remainder of paragraph 30 of the Amended Complaint makes no allegations against Leo Group. To the extent paragraph 30 can be construed to make additional allegations against Leo Group, they are denied.

31. Leo Group admits that Exhibit 1 to the Amended Complaint is a document titled "Consulting Agreement." Leo Group lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 31 of Plaintiffs' Amended Complaint.

32. Leo Group lacks knowledge or information sufficient to admit or deny the allegations in paragraph 32 of Plaintiffs' Amended Complaint.

33. Leo Group admits Tranen is not a signatory to the document attached as Exhibit 1 to the Amended Complaint. Leo Group denies any contract with Andersen or Stavanger and denies the remaining allegations in paragraph 33 of Plaintiffs' Amended Complaint.

34. Leo Group denies any contract with Andersen or Stavanger and therefore denies the allegations in paragraph 34 of Plaintiffs' Amended Complaint.

35. Leo Group denies any contract with Andersen or Stavanger and therefore denies the allegations in paragraph 34 of Plaintiffs' Amended Complaint.

**The Emails**

36. Leo Group admits it communicated by email with Mr. Andersen and Tranen regarding a potential arrangement with Andersen. Leo Group denies any contract with Andersen or Stavanger and therefore denies the remaining allegations in paragraph 36 of Plaintiffs' Amended Complaint.

37. Leo Group denies any contract with Andersen or Stavanger. Leo Group states that its attached emails speak for themselves. Leo Group denies any remaining allegations in paragraph 37 of Plaintiffs' Amended Complaint.

38. Leo Group denies any contract with Andersen or Stavanger. Leo Group states that its attached emails speak for themselves. Leo Group denies any remaining allegations in paragraph 38 of Plaintiffs' Amended Complaint.

39. Leo Group admits that it did not intend to be bound to any agreement with Andersen or Stavanger until there was a fully executed, written agreement and admits that no such contract exists. Leo Group states that its attached emails speak for themselves. Leo Group denies any remaining allegations in paragraph 39 of Plaintiffs' Amended Complaint.

40. Leo Group denies the existence of the alleged contract and therefore denies the allegations in paragraph 40 of Plaintiffs' Amended Complaint.

41. Leo Group denies the existence of the alleged contract and therefore denies the allegations in paragraph 41 of Plaintiffs' Amended Complaint.

42. Leo Group denies any contract with Andersen or Stavanger. Leo Group states that its attached emails speak for themselves. Leo Group denies any remaining allegations in paragraph 42 of Plaintiffs' Amended Complaint.

43. Leo Group admits that the document attached as Exhibit 1 to the Amended Complaint identifies a three year term. Leo Group denies any remaining allegations contained in paragraph 43 of Plaintiffs' Amended Complaint.

44. Leo Group lacks knowledge or information sufficient to admit or deny the allegations in paragraph 44 of Plaintiffs' Amended Complaint.

45. Leo Group lacks knowledge or information sufficient to admit or deny the allegations in paragraph 45 of Plaintiffs' Amended Complaint.

46. Leo Group lacks knowledge or information sufficient to admit or deny the allegations in paragraph 46 of Plaintiffs' Amended Complaint.

47. Leo Group lacks knowledge or information sufficient to admit or deny the allegations in paragraph 47 of Plaintiffs' Amended Complaint.

48. Leo Group lacks knowledge or information sufficient to admit or deny the allegations in paragraph 48 of Plaintiffs' Amended Complaint.

49. Leo Group lacks knowledge or information sufficient to admit or deny the allegations in paragraph 49 of Plaintiffs' Amended Complaint.

50. Leo Group denies the existence of the alleged contract and therefore denies the allegations in paragraph 50 of Plaintiffs' Amended Complaint.

51. Leo Group denies the existence of the alleged contract. Leo Group lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 51 of Plaintiffs' Amended Complaint.

52. Leo Group lacks knowledge or information sufficient to admit or deny the allegations in paragraph 52 of Plaintiffs' Amended Complaint.

53. Leo Group lacks knowledge or information sufficient to admit or deny the allegations in paragraph 53 of Plaintiffs' Amended Complaint.

54. Leo Group lacks knowledge or information sufficient to admit or deny the allegations in paragraph 54 of Plaintiffs' Amended Complaint.

55. Leo Group denies the existence of the alleged contract and the existence of any obligation to pay either Plaintiff $500,000. Leo Group admits that the document attached Exhibit 1 mentioned such payment to one of the Plaintiffs. Leo Group denies any remaining allegations contained in paragraph 55 of Plaintiffs' Amended Complaint.

56. Leo Group admits that it made payments in the identified amounts. It denies it did so pursuant to any binding contract and denies the remaining allegations contained in paragraph 56 of Plaintiffs' Amended Complaint.

57. Leo Group admits the allegations in paragraph 57 of Plaintiffs' Amended Complaint.

## Count I
## Breach of Contract

58. Leo Group incorporates its responses to paragraphs 1-57 by reference.

59. Leo Group denies the allegations contained in paragraph 59 of Plaintiffs' Amended Complaint.

60. Leo Group admits that it did not intend to be bound to any agreement with Andersen or Stavanger until there was a fully executed, written agreement and that no such contract exists. Leo Group denies the existence of any binding contract with Plaintiffs. Leo Group states that the document attached as Exhibit 1 speaks for itself. Leo Group denies the remaining allegations contained in paragraph 60 of Plaintiffs' Amended Complaint.

61. Leo Group denies the existence of any binding contract with Plaintiffs. Leo Group states that the document attached as Exhibit 1 speaks for itself. Leo Group denies the remaining allegations contained in paragraph 61 of Plaintiffs' Amended Complaint.

62. Leo Group admits that it has paid $500,000. Leo Group denies the remaining allegations contained in paragraph 62 of Plaintiffs' Amended Complaint.

63. Paragraph 63 uses terms the intended meaning of which Leo Group cannot determine and therefore Leo Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of Plaintiffs' Amended Complaint.

64. Leo Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of Plaintiffs' Amended Complaint.

65. Leo Group denies the allegations contained in paragraph 65 of Plaintiffs' Amended Complaint.

**Count II**
**Unjust Enrichment/Quantum Meruit**

66. Leo Group incorporates its responses to paragraphs 1-65 by reference.

67. Leo Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of Plaintiffs' Amended Complaint.

68. Leo Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of Plaintiffs' Amended Complaint.

69. Leo Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of Plaintiffs' Amended Complaint.

70. Leo Group denies that either Plaintiff conferred any benefit on Leo Group and therefore denies the allegations in paragraph 70 of Plaintiffs' Amended Complaint.

71. Leo Group denies the allegations contained in paragraph 71 of Plaintiffs' Amended Complaint.

**AFFIRMATIVE DEFENSES**

Defendant Leo Group asserts the following affirmative defenses:

1. Plaintiffs' claims fail due to the statute of frauds.

2. Plaintiffs' claims fail due to the failure of conditions precedent; namely, a written agreement signed by Leo Group and because Plaintiffs' first materially breached any contract that is determined to exist.

3. To the extent the Court finds a binding contract to exist, Plaintiffs' claims are barred due to Plaintiffs' first material breach.

4. To the extent the Court finds a binding contract to exist, Plaintiffs' claims are barred due to the failure of consideration.

5. To the extent the Court finds a binding contract to exist, Plaintiffs' claims are barred due to the doctrines of waiver and estoppel.

6. Plaintiff Andersen's claims are barred due to lack of standing.

7. Plaintiff Andersen's claims are barred because he is not the real party in interest.

8. Plaintiffs' claims are barred due to the doctrines of payment, accord and satisfaction and setoff.

9. Plaintiffs' jury demand fails for their equitable claims of unjust enrichment and/or quantum meruit.

WHEREFORE, defendant Leo Group requests that the Court enter judgment in its favor on all issues raised in Plaintiffs' Amended Complaint, for costs of this action, for attorneys' fees should the Court find a binding contract to exist, and for all other just and proper relief.

Respectfully submitted,

*/s/ T. Joseph Wendt*
T. Joseph Wendt, Atty # 19622-49
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Telephone: 317-236-1313
Facsimile: 317-231-7433

*Attorney for The Leo Group*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 4th day of January, 2013, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                                                     */s/ T. Joseph Wendt*