IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STAVANGER HOLDINGS, LTD and KARL ANDERSEN,<br><br>Plaintiffs,<br><br>vs.<br><br>TRANEN CAPITAL, LTD, TRANEN CAPITAL ALTERNATIVE INVESTMENT FUND, LTD., THE LEO GROUP, LLC, KENNETH A. LANDGAARD, and ARTHUR L. BOWEN,<br><br>Defendants. | Civil Action No.: 1:12-cv-00646-WTL-DKL |

**CASE MANAGEMENT PLAN**

## I. Parties and Representatives

A. Plaintiffs:
Stavanger Holdings Ltd. and Karl Andersen (collectively, the "Plaintiffs")

Defendants:
Tranen Capital, Ltd, Tranen Capital Alternative Investment Fund Ltd., Kenneth Landgaard and Arthur Bowen (the "Tranen Defendants") and The Leo Group ("Leo Group") and (collectively, the "Defendants")

B. Plaintiffs:

Mauro M. Wolfe
Evangelos Michailidis
Duane Morris LLP
1540 Broadway
New York, NY 10023
Tel: 212-692-1000
mmwolfe@duanemorris.com
emichailidis@duanemorris.com

Ryan Hurley
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204, USA
Tel: 317-237-1144
ryanhurley@faegrebd.com

Leo Group:
T. Joseph Wendt
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, IN 46204
Tel: 317-236-1313
Fax: 317-231-7433
joseph.wendt@btlaw.com

Tranen Defendants:
Thomas E. Satrom
Frost Brown Todd LLC
201 North Illinois Street, Suite 1900, P.O. Box 44961
Indianapolis, IN 46244-0961
Tel: 317-237.3217
Fax: 317.237.3900

## II. Synopsis of Case

A. According to Plaintiffs, this is an action for monetary damages and attorneys' fees arising from the alleged breach of a consultancy agreement dated November 9, 2011 and for unjust enrichment. The court has subject matter jurisdiction because the parties are completely diverse and the amount in controversy exceeds $75,000.

B. Leo Group contends there is no enforceable contract, that it does not owe Plaintiffs anything and that it cannot be liable under a theory of unjust enrichment.

C. The Tranen Defendants contend that they had no obligation, contractual or otherwise, to pay Plaintiffs, who received all compensation (if any) to which they were entitled. The Tranen Defendants believe the Court has subject matter jurisdiction because of diversity of the parties and there appears to be more than $75,000 in dispute.

## III. Pretrial Pleadings and Disclosures

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before March 15, 2013.

B. Plaintiff(s) shall file preliminary witness and exhibit lists on or before April 1, 2013.

C. Defendant(s) shall file preliminary witness and exhibit lists on or before April 8, 2013.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before April 26, 2013.

E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before May 10, 2013. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the demand.

F. Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before June 7, 2013. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before June 27, 2013; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before June 14, 2013.

G. If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 60 days prior to the dispositive motion deadline. If such expert disclosures are filed the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than 60 days before trial. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

The list of final witnesses shall include a brief synopsis of the expected testimony and counsels certification that the witness has been interviewed and/or deposed.

I. All parties shall file and serve their final witness and exhibit lists on or before August 16, 2013.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. The parties have not discussed the preservation and disclosure of electronically stored discovery information in detail but will do so prior to the scheduled pre-trial conference. However, it is believed that the pertinent ESI mostly consists of emails exchanged between the parties in the weeks that correspond to the negotiation and drafting of the agreement in question in this matter.

## IV. **Discovery[1] and Dispositive Motions**

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (including specifically motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion. [Note: A statement such as, "Defendant will seek summary judgment because no material facts are in dispute," is insufficient. Such a statement does not indicate to the Court that the parties used the CMP as an opportunity to seriously explore whether this case is appropriate for summary judgment or other dispositive motion. However, the failure to set forth a basis for a dispositive motion in the CMP will not bar a party from raising this argument at the motions stage.]

Plaintiffs believe this matter may be appropriate for summary judgment. It is believed that discovery will reveal that the Leo Group executed the consultancy agreement on behalf of all the Defendants or that the Defendants ratified the agreement through their conduct. Discovery will also reveal that the Defendants have failed to satisfy the payments to Plaintiffs that are due and owing under the clear terms of the agreement.

Leo Group intends to file a dispositive motion on the enforceability of the purported contract and the viability of the unjust enrichment claim against it.

---

[1]The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

Tranen Defendants intend to file a dispositive motion regarding their lack of any financial obligation to Plaintiffs.

B. Select the track that best suits this case:

______ Track 1: No dispositive motions are anticipated. All discovery shall be completed by __________ [no later than 16 months from Anchor Date]. [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a trial date (Section VI) substantially earlier than the presumptive trial date of 18 months from the Anchor Date. The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

__X__ Track 2: Dispositive motions are expected and shall be filed by August 28, 2013 [no later than 11 months from Anchor Date]; non-expert witness discovery and discovery relating to liability issues shall be completed by July 31, 2013 [no later than 7-10 months from Anchor Date]; expert witness discovery and discovery relating to damages shall be completed by July 31, 2013 [no later than 12-16 months from Anchor Date]. [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

______ Track 3: Dispositive motions are expected and shall be filed no later than ______________ [no later than 11 months from Anchor Date]; expert witness discovery that may be necessary at the dispositive motions stage shall be completed by [no later than 7-10 months from Anchor Date]; all remaining discovery shall be completed by [no later than 12-16 months from Anchor Date]. [Note: The Court expects that this will not be the typical track when dispositive motions are anticipated.]

______ Track 4: Dispositive motions shall be filed by ___________ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by ___________; expert witness discovery shall be completed by ___________. [Note: The Court provides Track 4 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility. However, the Court has found that Tracks 1-3 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1-3.]

Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

## V. Pre-Trial/Settlement Conferences

Indicate here whether any of the parties deem it helpful to hold an initial conference with the Magistrate Judge or District Judge, and if so, the suggested timing and forum (i.e., in person or by telephone) of such a conference. At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.

## VI. Trial Date

Although the presumptive trial date is 18 months from the Anchor Date, the parties anticipate being trial ready by the first week of February 2014, but will defer to whatever date the Court deems appropriate, whether earlier or later. The trial is by Jury and is anticipated to take no more than 3-5 days.

## VII. Referral to Magistrate Judge

At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

## VIII. Required Pre-Trial Preparation

**A. TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of witnesses who are expected to be called to testify at trial.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

        a.        brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony  to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

        b.        if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

**B.     ONE WEEK BEFORE  THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

**Duane Morris LLP**

By: /s/Mauro M. Wolfe
Mauro M. Wolfe
Evangelos Michailidis
1540 Broadway
New York, NY 10023
Tel: 212-692-1000
Fax: 212-214-0650
*Attorneys for Plaintiffs*

**Barnes & Thornburg LLP**

By: /s/T. Joseph Wendt
T. Joseph Wendt
11 South Meridian Street
Indianapolis, IN 46204
Tel: 317-236-1313
Fax: 317-231-7433
Attorneys for the Leo Defendants

**Faegre Baker Daniels LLP**

By: /s/Ryan Hurley
Ryan Hurley
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204, USA
Tel: 317-237-1144
*Attorneys for Plaintiffs*

**Frost Brown Todd LLC**

By: /s/Thomas E. Satrom
Thomas E. Satrom
201 North Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN 46244-0961
Tel: 317-237.3217
Attorneys for the Tranen Defendants

_______X________ PARTIES APPEARED IN PERSON/BY COUNSEL ON FEBRUARY 26, 2013 FOR AN INITIAL PRETRIAL CONFERENCE.

_________________ APPROVED AS SUBMITTED.

_______X________ APPROVED AS AMENDED.

_________________ APPROVED AS AMENDED PER SEPARATE ORDER.

_________________ APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY ______________ MONTHS.

_________________ APPROVED, BUT THE DEADLINES SET IN SECTION(S) _______________ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY ______________ MONTHS.

_________________ THIS MATTER IS SET FOR TRIAL BY__________________________ ON _____________________________. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR ________________________________________ AT _________________ .M., ROOM ___________________________.

_________________ A STATUS CONFERENCE IS SET IN THIS CASE FOR __________ **AT____________________.M.** COUNSEL SHALL APPEAR:

_____________________ IN PERSON IN ROOM ____________; OR

_____________________ BY TELEPHONE, WITH COUNSEL FOR __ INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) ___________________; OR

______________________ BY TELEPHONE, WITH COUNSEL CALLING THE NUMBER WHICH WILL PROVIDED BY EMAIL.

_______X________ DISPOSITIVE MOTIONS SHALL BE FILED BY **AUGUST 28, 2013**.

_______X________ NON-EXPERT WITNESS AND LIABILITY DISCOVERY SHALL BE COMPLETED BY **JULY 31, 2013.**

If the required conference under LR 37.1 does not resolve discovery issues that may arise, and if the dispute does not involve a claim of privilege, the parties are ordered *jointly* to request a phone status conference before filing any motion to compel. However, if the dispute has arisen because a party has failed to timely respond to discovery, the party that served the discovery may proceed with a motion to compel without seeking a conference. Any contacts with the court to request a discovery conference must be made jointly by counsel, absent compelling circumstances.

When filing a non-dispositive motion, the movant shall contact counsel for the opposing party and solicit opposing counsel=s agreement to the motion. The movant shall indicate opposing counsel=s consent or objection in the motion.

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

Date: 03/04/2013

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email