IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STAVANGER HOLDINGS, LTD and KARL ANDERSEN, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | CASE NO. 1:12-cv-0646 WTL-DKL |
| TRANEN CAPITAL, LTD., TRANEN CAPITAL ALTERNATIVE INVESTMENT FUND, LTD., THE LEO GROUP, LLC, KENNETH A. LANDGAARD, AND ARTHUR L. BOWEN, ) ) ) ) ) ) ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants Kenneth A. Landgaard, and Arthur L. Bowen, by counsel, submit the following memorandum in support of their motion for judgment on the pleadings pursuant to F.R.Civ.P. Rule 12(c).

**Defendants Bowen and Landgaard Are Entitled to Judgment on the Pleadings Because the Amended Complaint Fails to State a Claim for Piercing the Corporate Veil.**

Federal Rule of Civil Procedure Rule 12(c) permits a party to move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. In the instant case, the pleadings were closed as to these defendants on December 21, 2012, when they filed their answer to the Amended Complaint (Docket #36), and as to the case as a whole on January 4, 2013, when the remaining defendant filed its answer (Docket #37). On August 16, 2013, the Court vacated the current trial date (Docket #66) and no new trial date has been set, so this motion will not delay trial.

The Amended Complaint pleads two causes of action: 1. Breach of contract against Leo; and 2. Unjust Enrichment/Quantum Meruit against Tranen and Leo. The quantum meruit claim alleges that "Andersen was hired by Tranen to help attract investors…. Tranen promised that it would pay Andersen…." Amended Complaint, ¶¶67, 69.

The Amended Complaint purports to hold Mssrs. Landgaard and Bowen liable individually because "Upon information and belief, Tranen is merely the alter ego of Landgaard and Bowen because the corporation is heavily influenced and governed by them and there is such a complete unity of interest between Tranen and Landgaard and Bowen that the entity is inseparable from these individuals. For this reason, all references to Tranen should be construed as including Landgaard and Bowen." Amended Complaint, ¶ 13.

As a matter of law, this is insufficient to state a claim for piercing the corporate veil so as to impose personal liability on Bowen and Landgaard. In order to permit the corporate form to be disregarded, the plaintiff must prove "that the corporate form was so ignored, controlled, or manipulated that it was merely the instrumentality of another and that the misuse of the corporate form would constitute a fraud or promote injustice." *Escobedo v. BHM Health Associates, Inc.,* 818 N.E.2d 930, 933 (Ind. 2004) (quoting *Aronson v. Price,* 644 N.E.2d 864, 867 (Ind. 1994).

The claim that Tranen is the "alter ego" of Bowen and Landgaard is not the sufficient allegation of fact necessary to state a cognizable claim for piercing the corporate veil. *G4S Justice Services, Inc. v. Correctional Program Services, Inc.,* (S.D. Ind. September 25, 2009)(motion for judgment on the pleadings granted because there were mere conclusions and labels and an "absence of non-conclusory allegations with respect to veil piercing.")

Furthermore, this Court has already held in this case that Plaintiffs' allegation fails to state a claim for individual liability. *See* Docket # 35 (Court Order of December 10, 2012,

page 6)("This allegation, without more, does not suggest that it is plausible that Bagley is personally liable for Leo's actions vis-à-vis the Plaintiffs.  Accordingly, the Plaintiffs have not adequately pled a claim against Bagley."

Accordingly, Defendants Bowen and Landgaard request that the Court grant judgment in their favor.

                FROST BROWN TODD LLC

                By: *s/ Thomas E. Satrom*
                     Thomas E. Satrom, #20745-49

                     Attorneys for Defendants Tranen Capital, LTD., Tranen Capital Alternative Investment Fund, LTD, Kenneth A. Landgaard, and Arthur L. Bowen

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 27th day of August, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Ryan M. Hurley<br>FAEGRE BAKER DANIELS LLP<br>300 North Meridian Street, Suite 2700<br>Indianapolis, IN 46204<br>*ryan.hurley@FaegreBD.com* | T. Joseph Wendt<br>BARNES & THORNBURG LLP<br>11 South Meridian Street<br>Indianapolis, IN 46204<br>*jwendt@btlaw.com* |

Mauro M. Wolfe
Evangelos Michaildis
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036-4086
*mmwolfe@duanemorris.com*
*emichailidis@duanemorris.com*

                                                *s/ Thomas E. Satrom*

FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN 46244-0961
317-237-3800
Fax: 317-237-3900
*tsatrom@fbtlaw.com*

INDLibrary2 0124807.0596494 1240688v1