

Kenneth Landgaard
Applicant
August 20, 2013
Exhibit KL1

**THE EASTERN CARIBBEAN SUPREME COURT**
**BRITISH VIRGIN ISLANDS**
**IN THE HIGH COURT OF JUSTICE**

IN THE MATTER OF TRANEN CAPITAL ALTERNATIVE INVESTMENT FUND LIMITED

AND IN THE MATTER OF THE INSOLVENCY ACT 2003

Matter No 103 of 2013

BETWEEN:

TRANEN CAPITAL ALTERNATIVE INVESTMENT FUND LIMITED
**Applicant**

and

KARL ANDERSEN
**Respondent**

---

### AFFIDAVIT OF KENNETH LANDGAARD

---

I, KENNETH LANDGAARD, of 3750 Wahtomin Trail NW, Alexandria, Minnesota, MN 56308 STATE ON OATH AS FOLLOWS:

1. I am a Director of TRANEN CAPITAL INVESTMENT FUND LTD (the "**Fund**") which is the Applicant herein and I am authorised to make this Affidavit on the Fund's behalf.

2. I do so in support of the Fund's application to set aside the Statutory Demand dated August 2, 2013 and served upon it on 8 August 2013 by the Respondent. The matters set out below are within my own knowledge, or, where indicated, are based on information from other sources, in which case I believe such information to be true.

3. There is now produced and shown to me a paginated bundle marked "**KL1**" which contains true copies of the documents to which I refer.

**Background of the parties**

4. The **Fund** is a limited liability company incorporated under the laws of the British Virgins Islands (the "**BVI**") and principally carries out business there. It is managed by Tranen Capital Limited ("**Tranen**") of which I am a Director and Portfolio Administrator. Tranen is also incorporated and —has its principal place of business in the BVI. Additional offices were located_Singapore, Tokyo and Dublin

5. Tranen is a General Partner of the Fund and its principal business is investment in the secondary market of life insurance policies, commonly known as the "Life Settlement Industry."

6. A third entity, The Leo Group, LLC ("**Leo**") is the licensed life settlement provider for the acquisition of assets for Tranen and the Fund. Leo is a limited liability corporation organised under the law of the State of Indiana in the United States of America ("**USA**").

7. The Respondent, Karl Andersen, was hired by Tranen in or around 2008 as an independent contractor to advise Tranen on the International Life Settlement Industry and to develop the Fund's foreign clientele. The Respondent later provided his consulting services through a company called Stravager Holdings Limited ("**Stravanger**").

8. In November, 2011, Stravanger sought to enter into an agreement for consulting services with Leo. A written document was prepared (the "**written agreement**")[1] which states that Stravanger was to be paid a total of USD 3,000,000 for its services over the initial term of the agreement which was to continue until October 31, 2014. The payments were to be made as an initial sum of USD 500,0000 after the effective date of the written agreement which was set out as November 8, 2012 and then eleven (11) payments of USD 227,272.72 each over its term.

9. The Respondent executed a version of the written agreement on behalf of Stravanger, but Leo never countersigned. I am advised that nevertheless, Leo paid over a total of USD 500,000 then USD 25,000 to Stravanger, but made no

---

[1] The use of the expression "written agreement" is for convenience only and is not a concession that the document constitutes an agreement.

2

further payments thereafter. A copy of the written agreement is attached hereto at **page 1**.

10. On May 11, 2012, proceedings were commenced in the United States District Court, Southern District of Indiana, Indianapolis Division, United States of America (the "**Indiana Court**") by the Respondent and Stravanger against named Defendants Tranen; the Fund; Leo; Arthur L. Bowen; Randy Bagley; and myself. The Complaint alleged breach of contract which was expressly based on the partially executed written agreement. A copy of the Complaint filed in the Indiana Court on May 11, 2012 is attached hereto at **page 7**.

11. At paragraphs 13-15 of the Complaint, the Respondent and Stravanger set out their allegations that, although the written agreement refers only to Leo, Leo made the payments totalling USD525,000 on behalf of Tranen. They alleged in turn that Arthur L Bowen and myself are in control of Tranen to the extent that there is complete unity of interest between the three of us. The Applicant in the present matter, the Fund, was named because it was further alleged that Bowen and myself are also in complete control of it. No particulars were set out that connected the Fund to the written agreement, save that Tranen managed the Fund, which is not denied. There was no allegation either that the Fund was the alter ego of Leo. The Complaint set out that, as Tranen's broker, Leo stood to benefit from Tranen doing good business as a result of Stravagen's expertise (see paragraph 23 of the Complaint). The written agreement was said not to be for consultancy services to be rendered, but was intended, by oral agreement, to be compensation for a decision by all named Defendants to terminate their business relationship with Stravenger.

12. The Complaint was amended on July 19, 2012 to add a new cause of action of unjust enrichment against all Defendants. It also pleaded further particulars of the alleged relationship between the Defendants. A copy of the Amended Complaint filed on July 19, 2012 in the Indiana Court is attached at **page 14**.

13. The Complaint was challenged by all Defendants. The Fund challenged it on several bases, primarily that it had no privity to the written agreement. The written agreement was itself challenged by Leo on the basis that it was not fully executed, among other things. On December 10, 2012 the Indiana Court ruled on a motion to dismiss the Amended Complaint. A copy of the Entry on Motion to Dismiss of the Indiana Court (the ruling) is attached at **page 27**.

14. The Court agreed with the Fund and dismissed the breach of contract claim against it and also against Tranen, Bowen and myself. The contractual claim against Leo was allowed to proceed.

15. On August 8, 2013 the Fund was served with a Statutory Demand for the sum of USD 2, 475, 000, the same sum claimed in the Indiana Court proceedings. It is described therein as the balance due and owing to the Respondent under an oral agreement between himself and the Fund regarding the termination of his services. In this respect the Statutory Demand purports to rely on the same alleged oral agreement, as set out in the written agreement to which it has been ruled that the Fund has no privity to. The material difference based on the terms of the Demand is that the Respondent has altered the named parties, by leaving himself in his personal capacity instead of Stravenger; and names the Fund instead of Leo or any of the other Defendants. The Statutory Demand also makes no reference to the previously relied upon allegations that the services to be terminated were provided to all the Defendants in the Indiana proceedings and not just to the Fund.

16. The Fund's maintains that it has no privity to the alleged written agreement and is not a proper party to any dispute based on it, which the current dispute over the oral agreement clearly is.

17. The fact of the Indiana proceedings, to whatever extent they are treated in this court, is sufficient in my respectful view, to show that the dispute is substantial whatever other view is taken of the matter as a whole.

18. Furthermore, the specific contractual issue having been adjudicated on by another court, I do verily believe that to serve a Statutory Demand based on the same alleged debt is an abuse of process by the Respondent and would cause substantial injustice to the Applicant which would now have to defend itself twice over for the same debt. The Respondent still has a cause of action before the Indiana Court against Leo on the basis of the written agreement and against the Applicant based on unjust enrichment. It therefore ought not to be allowed to commence or continue concomitant proceedings of any sort in the BVI in respect of the same debt.

19. In these circumstances, the Applicant asks that the Statutory Demand dated August 2, 2013 be set aside with costs awarded to it.

SWORN in accordance with the laws of ) [Minnesota], United States of
America )
by the above-named KENNETH A. LANDGAARD ) _[signature]_
this 22nd day of August, 2013 ) KENNETH A. LANDGAARD

BEFORE ME: )

_[signature]_
NOTARY PUBLIC

LEEANN HYMORE
Notary Public
Minnesota
My Comm. Expires
Jan 31, 2017

THE EASTERN CARIBBEAN SUPREME COURT
BRITISH VIRGIN ISLANDS
IN THE HIGH COURT OF JUSTICE

IN THE MATTER OF TRANEN CAPITAL ALTERNATIVE INVESTMENT FUND LIMITED

AND IN THE MATTER OF THE INSOLVENCY ACT 2003

Matter No       of 2013

BETWEEN:

TRANEN CAPITAL ALTERNATIVE INVESTMENT FUND LIMITED

Applicant

and

KARL ANDERSEN

Respondent

---

AFFIDAVIT OF KENNETH LANDGAARD

---

O'Neal Webster

Legal Practitioner for the Applicant