**JUDGE FAILLA**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**13 CIV 6126**

ARENT FOX LLP,

                                    Plaintiff,

v.

TRANEN CAPITAL LTD., &
KENNETH A. LANDGAARD,

                                    Defendants.

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

---

Plaintiff Arent Fox LLP, as and for its Complaint against Defendants Tranen Capital, Ltd.

and Kenneth A. Landgaard, alleges as follows:

## INTRODUCTION

1.      This is an action by the Arent Fox LLP law firm to recover $292,760.51 plus

interest and costs for services rendered to two former clients, Tranen Capital Ltd. and Kenneth

A. Landgaard.  The former clients never complained about the services or invoices at issue –

they simply failed and refused to pay. Thus this action is necessary.

## THE PARTIES

2.      Plaintiff Arent Fox LLP ("Plaintiff" or "Arent Fox") is a District of Columbia

limited liability partnership, whose partners are citizens of California, Connecticut, District of

Columbia, Maryland, Missouri, New Jersey, New York, Utah, and Virginia.

3.      Defendant Tranen Capital Ltd. ("Tranen") is, upon information and belief, a

British Virgin Island limited liability company, with its principal place of business at 30

DeCastro Street, Road Town Tortola, British Virgin Islands VG1110.

-1-

GENBUS/920147.1

4.      Defendant Kenneth A. Landgaard ("Mr. Landgaard" and, together with Tranen, "Defendants") is, upon information and belief, a citizen and resident of the State of Minnesota, with an address at 3750 Wahpomin Trail NW, Alexandria, Minnesota 56308.

## JURSIDICTION AND VENUE

5.      Subject matter jurisdiction over this breach of contract action is premised upon 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

6.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(a)(2) because this matter involves, among other things, the rights and obligations of Plaintiff and Defendants under an agreement providing for exclusive jurisdiction in this Court as the amount in controversy exceeds the amount for fee disputes subject to Part 137 of the Rules of the Chief Administrator of the Courts of the State of New York (22 NYCRR § 137). Services were provided in this Judicial District, Defendants' performance was to be made in this Judicial District, and thus Plaintiff sustained damages in this Judicial District.

## BACKGROUND

7.      Plaintiff and Defendants entered into an Engagement Agreement dated January 7, 2011. A true and correct copy of the Engagement Agreement is attached hereto as Exhibit A.

8.      Jule Rousseau, a Partner of Arent Fox, signed the Engagement Agreement on behalf of Plaintiff. *See* Engagement Agreement, Ex. A, at 5. Mr. Landgaard, as Director of Tranen, signed the Engagement Agreement on behalf of Tranen. *Id.* Mr. Landgaard also signed it on his own behalf. *Id.*

9.      The Engagement Agreement provides in part that Arent Fox will represent Defendants in connection with their "business ventures and to handle specific assignments" at

-2-

Defendants' direction. *See* Engagement Agreement, Ex. A, at 1. The Engagement Agreement

further provides in part that:

> Among the services we may provide to you are handling matters in litigation,
> providing advice and guidance in connection with negotiations, foreclosures and
> settlements, and providing regulatory advice and assistance in your business. The
> scope of our engagement under this letter may be enlarged from time to time as
> you ask us to perform additional services and we agree to perform such additional
> services. No additional written agreement will be required to document these
> periodic changes.

*Id.* The Engagement Agreement provides that Arent Fox will "charge for legal services on the

basis of the time devoted" to Defendants' matters. *Id.* Billing statements, to be rendered monthly,

were payable upon receipt. *Id.* at 2.

      10.    The account statement of Defendants states that the first invoice sent to

Defendants was dated March 31, 2011. A true and correct copy of the account statement is

attached hereto as Exhibit B. Defendants paid all invoices through on or about November 2011.

Defendants paid that first invoice and more than thirty invoices thereafter; those invoices are not

at issue in this action.

      11.    Defendants continued to request and Arent Fox continued to provide services

during 2011 and 2012. Arent Fox continued to render invoices. Attached hereto as Exhibit C is a

true and correct copy of each invoice at issue, which amount to $292,760.51 due and owing plus

interest. Below is a summary of the invoices at issue:

| Inv.# | Date | Amount ($) | Credits ($) | Total Balance ($) |
|---|---|---|---|---|
| 1358511 | 1/18/2012 | $213,044.22 | -$7,757.92 | $205,286.30 |
| 1366796 | 2/27/2012 | 83,626.66 | | 288,912.96 |
| 1369388 | 3/14/2012 | 567.47 | | 289,480.43 |
| 1374271 | 4/11/2012 | 654.86 | | 290,135.29 |
| 1380797 | 5/10/2012 | 1,248.50 | -717.29 | 290,666.50 |
| 1380798 | 5/10/2012 | 533.50 | | 291,200.00 |
| 1392524 | 6/28/2012 | 540.21 | | 291,740.21 |
| 1393674 | 7/10/2012 | 1,020.30 | | 292,760.51 |

12.     Despite due demand, Defendants failed and refused to pay the amounts due and owing pursuant to the invoices (Ex. C).

## FIRST CAUSE OF ACTION

### (Breach of Contract)

13.     Plaintiff repeats and realleges each and every one of the foregoing allegations as if set forth at length herein.

14.     At all relevant times, Plaintiff had a valid, existing, and enforceable contractual relationship with Defendants pursuant to the Engagement Agreement attached hereto as Ex. A.

15.     Defendants breached their duty under the Engagement Agreement by failing to pay $292,760.51 due and owing plus interest from on or before July 10, 2012 pursuant to the invoices attached hereto as Ex. C.

16.     Plaintiff has demanded that Defendants make the payments due and owing.

17.     Despite due demand, Defendants refused to make the payments due and owing.

18.     Accordingly, each Defendant is liable to Plaintiff in an amount to be determined at trial and not less than $292,760.51 plus interest from July 10, 2012, costs and attorneys' fees.

## SECOND CAUSE OF ACTION

### (Account Stated)

19.     Plaintiff repeats and realleges each and every one of the foregoing allegations as if set forth at length herein.

20.     At all relevant times, Plaintiff submitted detailed invoices to Defendants for services rendered pursuant to the Engagement Agreement.

21.     Plaintiff provided services at the instance and request and for the benefit of Defendants.

22.     The invoices (Ex. C) rendered by Plaintiff to Defendants included details about the services rendered and the date, invoice number, total amount of each invoice, prior balance due, and total balance due upon receipt.

23.     Defendants received the invoices rendered by Plaintiff.

24.     Defendants did not timely object to the invoices rendered by Plaintiff.

25.     Defendants made partial payments against certain of the invoices rendered by Plaintiff, which partial payments are reflected on the invoices and in the account statement (Ex. B).

26.     Defendants acknowledged the amounts reflected in Plaintiff's invoices were due and owing to Plaintiff by receiving and retaining the invoices without objection.

27.     Accordingly, an account was stated between Plaintiff and Defendants.

28.     By reason of the foregoing, Defendants waived any objection to their indebtedness to Plaintiff representing the unpaid amounts reflected in the invoices, plus interest accrued and continuing to accrue thereon, attorneys' fees, and costs.

29.     Accordingly, Defendants are liable to Plaintiff in an amount to be determined at trial and not less than $292,760.51 plus interest from July 10, 2012, costs and attorneys' fees.

### THIRD CAUSE OF ACTION

### (Unjust Enrichment)

30.     Plaintiff repeats and realleges each and every one of the foregoing allegations as if set forth at length herein.

31.     Plaintiff provided services to Defendants at the instance and request and for the benefit of Defendants.

32.     Defendants were benefitted by Plaintiff's provision of the services.

-5-

33.     Defendants are in arrears on their payment for $292,760.51 worth of services provided by Plaintiff.

34.     It would be unjust and inequitable to allow Defendants to retain the benefit of Plaintiff's services without paying Plaintiff.

35.     As a result of the above-described actions by Defendants, Plaintiff has suffered damages in an amount to be determined at trial and not less than $292,760.51 plus interest from July 10, 2012, costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

### (Quantum Meruit)

36.     Plaintiff repeats and realleges each and every one of the foregoing allegations as if set forth at length herein.

37.     Plaintiff provided services at the instance and request and for the benefit of Defendants.

38.     Defendants failed to pay for services provided by Plaintiff as enumerated above.

39.     Plaintiff has demanded that Defendants make the payments due and owing.

40.     Despite due demand, Defendants refused to make the payments due and owing.

41.     Accordingly, Defendants are liable to Plaintiff in an amount to be determined at trial and not less than $292,760.51 plus interest from July 10, 2012, costs and attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Arent Fox LLP respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants Tranen Capital, Ltd. and Kenneth A. Landgaard in an amount to be determined at trial and not less than $292,760.51 plus interest

-6-

GENBUS/920147.1

from July 10, 2012, costs and attorneys' fees, and grant such other, further and different relief as

the Court deems just.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury.


Dated:   New York, New York
         August 29, 2013

ARENT FOX LLP

By: _____
         Michael Cryan
1675 Broadway
New York, New York 10019
Tel: (212) 484-3900
Fax: (212) 484-3990
Email: michael.cryan@arentfox.com


*Attorneys for Plaintiff*
*Arent Fox LLP*

-7-