IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STAVANGER HOLDINGS, LTD and KARL ANDERSEN, <br><br> Plaintiffs, <br><br> vs. <br><br> TRANEN CAPITAL, LTD, TRANEN CAPITAL ALTERNATIVE INVESTMENT FUND, LTD., THE LEO GROUP, LLC, KENNETH A. LANDGAARD, and ARTHUR L. BOWEN, <br><br> Defendants. | Civil Action No.: 12 - 00646 (WTL)(DKL) |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS KENNETH A. LANDGAARD'S AND ARTHUR BOWEN'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiffs Stavanger Holdings, Ltd. ("Stavanger") and Karl Andersen ("Andersen") (collectively, the "Plaintiffs"), by and through their attorneys, Faegre Baker Daniels LLP and Duane Morris LLP, respectfully submit this memorandum of law in opposition to Defendants Kenneth A. Landgaard's ("Landgaard") and Arthur Bowen's ("Bowen") motion for judgment on the pleadings (the "Motion").

**PRELIMINARY STATEMENT**

This Motion is Landgaard's and Bowen's latest effort to impede Plaintiffs' prosecution of this case. They seek judgment in their favor on the grounds that Plaintiffs have allegedly failed to state a claim for piercing the corporate veil. Interestingly, Landgaard and Bowen did not raise this argument when they moved to dismiss the Amended Complaint in August, 2012. Nor did they move on these grounds over the last year this case has been litigated. The timing is significant because it happens to coincide with Plaintiffs' Motion to Compel discovery from all

of the Tranen Defendants, who have not made a good faith effort to comply with their discovery obligations, and Plaintiffs' efforts to depose Landgaard and Bowen. Specifically, Landgaard's and Bowen's ulterior motive is to use this Motion to block their depositions indefinitely. See Motion for Protective Order (ECF # 75).

Defendants' Motion is without merit because it misconstrues the Amended Complaint by limiting Plaintiffs' claims against Landgaard and Bowen solely to piercing the corporate veil, and wholly ignores the allegations that Landgaard and Bowen personally entered into an agreement to compensate Plaintiffs. Landgaard and Bowen's argument relies entirely on <u>one</u> paragraph of the Amended Complaint. The Amended Complaint is not so limited though and Plaintiffs' claims against Landgaard and Bowen do not depend on piercing the corporate veil. The Amended Complaint alleges that Landgaard and Bowen promised to pay Plaintiffs for services they rendered between 2008 and 2011. Those services were rendered. Nevertheless, Landgaard and Bowen have not paid Plaintiffs what they promised. Plaintiffs are suing to collect what they are rightfully owed.

To prevail against Landgaard and Bowen on this Motion, Plaintiffs must simply demonstrate that the Amended Complaint contains sufficient factual matter, which for purposes of this Motion must be accepted as true, to state a claim of relief against Landgaard and Bowen that is *plausible* on its face. As discussed below, Plaintiffs easily satisfy this standard.

## FACTS

Tranen Capital, Ltd. ("Tranen") was formed in or around February, 2008 to manage a fund (eventually, Tranen Capital Alternative Investment Fund, Ltd. ("Fund")) that would invest in the Life Settlement Industry. Am. Compl. ¶ 16. Landgaard and Bowen control Tranen and the Fund but, at the time of Tranen's formation, did not have enough experience or contacts in

the industry to attract investors.  Therefore, Landgaard and Bowen agreed to pay Andersen, who had numerous foreign contacts and experience in the Life Settlement Industry, to advise them on the international Life Settlement Industry and develop the Fund's foreign clientele.  Id. ¶ 17.  In exchange for his efforts, Landgaard and Bowen promised to compensate Andersen.  Andersen did not enter into a written employment or services agreement with Landgaard, Bowen, Tranen or the Fund.  Id. ¶ 19.

Between 2008 and 2011, Andersen's services included, but were not limited to, educating and training Landgaard and Bowen on the international Life Settlement Industry, writing newsletters to foreign investors, producing marketing materials for Tranen and the Fund, traveling around the world to meet with prospective foreign investors, assisting in the closing of sales, and identifying business opportunities in foreign markets.  Essentially, Andersen handled the day-to-day operations of marketing and sales in foreign markets for Landgaard and Bowen as they directed and instructed.  Between 2008 and 2011, the vast majority of investors came from Andersen's contacts and resulted in the exponential growth of the Fund, which is now worth about $170 million.  Id. ¶¶ 20-22.

In or around October 2011, Landgaard and Bowen decided that they no longer required Andersen's services and agreed to pay him $3 million for his past services, although the actual value of his services were substantially more.  It was unclear at the time whether Landgaard's and Bowen's agreement to pay Andersen $3 million was in their individual capacities or on behalf of Tranen.  However, it bears noting that Tranen has never made any payments to Plaintiffs directly.  The allegations in the Amended Complaint are that the only payments Plaintiffs have received were through conduits such as The Leo Group.  It is alleged that these

3

payments made by The Leo Group were so made at the direction of Landgaard and Bowen. Id. ¶¶ 24-28.

## ARGUMENT

"After the pleadings are closed...a party may move for judgment on the pleadings." Fed. R. Civ. Pro. 12(c). Where, as here, a motion for judgment on the pleadings attacks the sufficiency of the complaint, the motion "is subject to the same standard as a motion for dismissal for failure to state a claim" under Rule 12(b)(6). *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989). Under that standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 884 (2009) (quotation and citation omitted). When evaluating the plausibility of the plaintiff's claim, the plaintiff "receives the benefit of reasonable inferences" that arise from the well-pleaded allegations. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 447 (7th Cir. 2011) (citation omitted).

Here, Plaintiffs have clearly alleged a plausible basis of recovery against Landgaard and Bowen that is not at all dependent on piercing the corporate veil of Tranen or the Fund. Among other things, the Amended Complaint alleges that Landgaard and Bowen hired Andersen to provide services, promised to pay for those services, personally benefited from the services Plaintiffs rendered between 2008 and 2011 and, ultimately, agreed to pay Plaintiffs $3 million for those services. Am. Compl. ¶¶ 18-19, 20 and 25. Based on these allegations, it is certainly

plausible for a Court to determine that Landgaard and Bowen are liable to Plaintiffs for not delivering on their promises to pay Plaintiffs.

Landgaard and Bowen do not address any of these allegations in the Motion. They merely focus on one paragraph in the Amended Complaint, which alleges that Tranen is merely the "alter ego" of Landgaard and Bowen. Mem. of Law (moving brief) ¶ 4. This is not a fair or accurate reading of the Amended Complaint. In its entirety, it is clear that Plaintiffs are alleging that Landgaard and Bowen are liable to Plaintiffs for not paying them what was promised for the services Plaintiffs rendered and, further, that this claim is in no way dependent on piercing the veil of Tranen or the Fund.

Landgaard and Bowen also erroneously argue that "this Court has already held in this case that Plaintiffs' allegation fails to state a claim for individual liability." Mem. of Law ¶ 7. The Court did not render such a general holding. The Court did dismiss Plaintiffs' claim against Randy Bagley, the president of The Leo Group, on the grounds that there was no basis for personal liability against him. However, the allegations against Landgaard and Bowen are very different than those against Bagley. Plaintiffs allege that Landgaard and Bowen hired Plaintiffs and promised to pay them for services rendered. Am. Compl. ¶ 19. Plaintiffs did not make such allegations against Bagley. The Amended Complaint certainly alleges a basis for personal liability against Landgaard and Bowen – they have not paid Plaintiffs what they promised.

## CONCLUSION

For the reasons set forth above, Landgaard's and Bowen's motion for judgment on the pleadings should be denied and for all other relief deemed to be just and proper by this Court.

Dated: September 13, 2013
Indianapolis, IN

FAEGRE BAKER DANIELS LLP

s/ Ryan M. Hurley

Ryan M. Hurley
Email: Ryan.Hurley@faegrebd.com
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
(317)237-1144

and

DUANE MORRIS LLP

s/Mauro M. Wolfe

Mauro M. Wolfe
E-mail:mmwolfe@duanemorris.com
Evangelos Michailidis
E-mail:emichailidis@duanemorris.com

1540 Broadway
New York, NY 10036-4086
(212) 692 1000

*Attorneys for Plaintiffs Stavanger Holdings, Ltd. and Karl Andersen*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 13th day of September 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all of the parties who have subscribed to the Court's electronic filing system. Parties may access this filing through the Court's system.

      s/Ryan M. Hurley
      _____
      Ryan M. Hurley