IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STAVANGER HOLDINGS, LTD and KARL ANDERSEN, <br><br> Plaintiffs, <br><br> v. <br><br> TRANEN CAPITAL, LTD., TRANEN CAPITAL ALTERNATIVE INVESTMENT FUND, LTD., THE LEO GROUP, LLC, KENNETH A. LANDGAARD, AND ARTHUR L. BOWEN, <br><br> Defendants. | CASE NO. 1:12-cv-0646 WTL-DKL |

**REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants Kenneth A. Landgaard and Arthur L. Bowen, by counsel, submit the following reply in support of their motion for judgment on the pleadings pursuant to F.R.Civ.P. Rule 12(c).

**1. Introduction.**

Plaintiffs' Memorandum in Opposition to Defendants' Motion for Judgment on the Pleadings ignores the realities of plaintiffs' pleading and ignores this Court's prior ruling by claiming that Defendants Bowen and Landgaard should be held personally liable because they breached an agreement to pay Plaintiffs.[1] This Court previously dismissed Plaintiffs' breach of contract claim against these Defendants. The *quantum meruit* allegations of the Amended

---

[1] The Opposition also attacks the motion by claiming that it is motivated by a desire to prevent the depositions of Landgaard and Bowen from going forward. Plaintiffs offer no authority that the motivation for seeking judgment on the pleadings is relevant to determination of the motion. Furthermore, this ignores the fact that Defendants offered Landgaard and Bowen for depositions in June of 2013 and Plaintiffs made the choice not to proceed. *See* Memorandum in Support of Motion for Protective Order, Docket # 76.

Complaint clearly plead that the alleged benefits were bestowed upon Tranen, not Bowen and Landgaard, and Plaintiffs have failed to allege sufficient facts to show that the Tranen corporate veil should be pierced.  Bowen and Landgaard are entitled to judgment on the pleadings.

### 2.  The Amended Complaint Alleges that Benefits were Provided to Tranen and the Fund, not Bowen and Landgaard.

The Amended Complaint consistently states that Tranen and the Fund were the recipients of the services allegedly performed by Andersen.  Amended Complaint, ¶18 ("Landgaard and Bowen hired Andersen … **to advise Tranen** … and **develop the Fund's** foreign clientele."); ¶20 ("Andersen's services included … **educating and training Tranen** (Landgaard and Bowen)… **producing marketing material for Tranen and the Fund**…, and **identifying business opportunities in foreign markets for Tranen**.… Andersen **handled the day to day operations** of marketing and sales… **at Tranen and the Fund**."); ¶22 ("As a direct result of Andersen's considerable knowledge, expertise, connections, time and effort, **the Fund is now worth approximately $170 million.**")(Emphasis added.)

The allegations within the *quantum meruit* claim further demonstrate that it is Plaintiffs' theory that Tranen and the Fund were the recipients of Andersen's efforts.  Amended Complaint, ¶ 67 (Andersen was **hired by Tranen** to help attract investors and **grow the Fund**….Andersen's services included…**producing marketing material for Tranen and the Fund** … and **identifying business opportunities in foreign markets for Tranen**."); ¶68 ("…Andersen **handled the day to day operations** of marketing and sales, targeting foreign investors, **at Tranen and the Fund**;"); ¶69 (**Tranen promised it would pay Andersen**….); ¶70 (Andersen's work **contributed to the growth of the Fund**….")(Emphasis added).

Plaintiffs make one cursory allegation regarding Landgaard and Bowen, stating that they "had benefited from the services Andersen rendered between 2008 and 2011."[2] Amended Complaint, ¶ 25. This provides nothing as to what services Andersen provided to them or even whether they allegedly benefited directly and individually as opposed to benefiting as a result of their ownership interest in Tranen and the Fund, which allegedly benefitted from the services of Andersen. This conclusory and incomplete allegation comes nowhere close to stating a *quantum meruit* claim against Landgaard and Bowen. *See Coppolillo v. Cort,* 947 N.E.2d 994, 997 (Ind. App. 2011).

Plaintiffs claim that the Amended Complaint contains sufficient allegations to make it "plausible for a Court to determine that Landgaard and Bowen are liable to Plaintiffs for not delivering on their promises to pay Plaintiffs." Plaintiffs' Memorandum, page 5. That breach of contract theory, however, has already been dismissed by the Court. Furthermore, the Amended Complaint actually admits that "It was unclear at the time whether the promise Landgaard and Bowen made to pay Andersen was in their individual capacities or on behalf of Tranen." Amended Complaint, ¶ 26.

Plaintiffs' Opposition attempts to rely on the Amended Complaint's allegations regarding the actions of Landgaard and Bowen, but ignores the issue at hand, which is what actions Landgaard and Bowen took which would permit the Tranen corporate veil to be pierced. On this front, the allegations of Amended Complaint are plainly insufficient. The fact remains that a mere claim that Tranen is the "alter ego" of Bowen and Landgaard is not the sufficient allegation of fact necessary to state a cognizable claim for piercing the corporate veil. *G4S Justice*

---

[2] Contrary to Plaintiffs' claim, the Amended Complaint does not allege that Landgaard and Bowen "personally" benefitted. *See* Plaintiffs' Memorandum., page 4; Amended Complaint, ¶ 25.

*Services, Inc. v. Correctional Program Services, Inc.* (S.D. Ind. September 25, 2009)(motion for judgment on the pleadings granted because there were mere conclusions and labels and an "absence of non-conclusory allegations with respect to veil piercing.")  *See also* Docket # 35 (Court Order of December 10, 2012, page 6)("This allegation, without more, does not suggest that it is plausible that Bagley is personally liable for Leo's actions vis-à-vis the Plaintiffs. Accordingly, the Plaintiffs have not adequately pled a claim against Bagley.")

### 3.  **Conclusion.**

The Amended Complaint alleges that Plaintiffs' services were performed for the benefit of Tranen and the Fund and fails to adequately allege a basis for holding Landgaard and Bowen personally liable for the acts or omissions of Tranen or the Fund.  Accordingly, the motion for judgment on the pleadings of Landgaard and Bowen should be granted.

FROST BROWN TODD LLC

By:  *s/ Thomas E. Satrom*
Thomas E. Satrom, #20745-49

Attorneys for Defendants Tranen Capital, LTD., Tranen Capital Alternative Investment Fund, LTD, Kenneth A. Landgaard, and Arthur L. Bowen

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 23rd day of September, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Ryan M. Hurley
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN  46204
*ryan.hurley@FaegreBD.com*

T. Joseph Wendt
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN  46204
*jwendt@btlaw.com*

Mauro M. Wolfe
Evangelos Michaildis
DUANE MORRIS LLP
1540 Broadway
New York, NY  10036-4086
*mmwolfe@duanemorris.com*
*emichailidis@duanemorris.com*

                          *s/ Thomas E. Satrom*

FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN  46244-0961
317-237-3800
Fax: 317-237-3900
*tsatrom@fbtlaw.com*

INDLibrary2 0124807.0596494   1247361v1