IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STAVANGER HOLDINGS, LTD and KARL ANDERSEN, <br><br> Plaintiffs, <br><br> vs. <br><br> TRANEN CAPITAL, LTD, TRANEN CAPITAL ALTERNATIVE INVESTMENT FUND, LTD., THE LEO GROUP, LLC, KENNETH A. LANDGAARD, and ARTHUR L. BOWEN, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No.: 12 - 00646 (WTL)(DKL) |

## PLAINTIFFS' OPPOSITION TO MOTION FOR PROTECTIVE ORDER AND CROSS-MOTION FOR A TELEPHONE CONFERENCE

Plaintiffs Stavanger Holdings, Ltd. ("Stavanger") and Karl Andersen ("Andersen") (collectively, the "Plaintiffs"), by and through their attorneys, Faegre Baker Daniels LLP and Duane Morris LLP, respectfully submit this opposition to the Motion for a Protective Order filed by Defendants Tranen Capital Ltd., Tranen Capital Alternative Investment Fund, Ltd., Kenneth A. Landgaard and Arthur L. Bowen (collectively, the "Tranen Defendants" or "Tranen").

Furthermore, Plaintiffs cross-move for a telephone conference at the Court's earliest convenience to resolve the issues set forth in Tranen's Motion as they are straightforward and Plaintiffs would like to resolve them so the depositions can proceed as noticed.

### ARGUMENT

Tranen Defendants' Motion for Protective Order is merely the latest tactic to delay this matter. Plaintiffs initially noticed all Tranen Defendants for depositions in May, 2013. The initial notices are attached as Exhibit 1. Tranen Defendants indicated that they would be

available in June but suggested that the parties work together to devise a mutually convenient schedule to reduce the necessity for multiple trips to Indiana. In the spirit of cooperation, Plaintiffs made several efforts to coordinate a convenient schedule for all witnesses and attorneys. Tranen Defendants, however, successfully evaded committing to a schedule. Attached as Exhibit 2 is a letter from Tranen Defendants' counsel in response to the initial notices along with a sample of the many communications Plaintiffs' counsel sent to Tranen's counsel between May and September of 2013 regarding the scheduling of depositions. Most of Plaintiffs' emails were not answered.

As a consequence, Plaintiffs were forced to reissue notices to Tranen Defendants (attached as Exhibit 3), to which they have responded with this Motion for Protective Order. The depositions of the Tranen Defendants are currently noticed for October 15 and 16. See Ex. 3.

Simply put, Defendants Kenneth A. Landgaard and Arthur L. Bowen will not be able to avoid being deposed forever. They are critical witnesses to Plaintiffs' case. Landgaard and Bowen operated and controlled Tranen (Landgaard still apparently operates and controls Tranen) and they are the individuals who hired Plaintiffs to provide services. Also, they derived substantial direct financial benefits from the years of valuable service Plaintiffs provided to Tranen. Hence, they are highly relevant witnesses for Plaintiffs' unjust enrichment claim against all defendants and Plaintiff is entitled to examine them.

Collaterally, they are also relevant and material witnesses to the remaining breach of contract claim against The Leo Group inasmuch as they, effectively, negotiated the terms of that agreement. Hence, their pending Motion for Judgment on the Pleadings does not change their relevance to this case at all.

Ideally, Plaintiffs would have wanted to take the depositions of Tranen Defendants after document discovery was complete or, at least near completion. Tranen Defendants have thus far successfully evaded their discovery obligations though. Their delay tactics with regards to document discovery is the subject of Plaintiffs' Motion to Compel, to which Plaintiffs' respectfully refer this Court (ECF # 62, 63, 67, 70). However, Plaintiffs have produced well over 20,000 pages of documents and The Leo Group, LLC has also made a substantial document production to Plaintiffs. Therefore, Plaintiffs have more than enough information to begin their questioning of Tranen Defendants. With discovery deadlines fast approaching, Plaintiffs should be permitted to begin their depositions immediately.

Even if this Court finds that Landgaard's and Bowen's depositions should be delayed until the pending motions are decided, the depositions of the Tranen entities should not be delayed. The entities are not the subject of Landgaard's and Bowen's Motion for Judgment on the Pleadings, so they will remain parties to this lawsuit no matter how that motion is decided. Furthermore, as argued above, in light of Plaintiffs' and Leo's compliance with their discovery obligations, Plaintiffs have more than enough information to begin the depositions of the Tranen entities.

Lastly, Plaintiffs' cross-move for a telephonic conference at the Court's earliest convenience to discuss the issues set forth in Tranen's Motion for a Protective Order. It is not a complex motion and Plaintiffs would like to resolve them so the depositions can proceed as noticed on October 15 and 16.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that Tranen's Motion for a Protective Order be denied and that Plaintiffs' Cross-Motion for a Telephonic Conference be granted.

Dated: October 7, 2013
Indianapolis, IN

FAEGRE BAKER DANIELS LLP

s/ Ryan M. Hurley

Ryan M. Hurley
Email: Ryan.Hurley@faegrebd.com
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
(317)237-1144

and

DUANE MORRIS LLP

s/Mauro M. Wolfe

Mauro M. Wolfe
E-mail:mmwolfe@duanemorris.com
Evangelos Michailidis
E-mail:emichailidis@duanemorris.com

1540 Broadway
New York, NY 10036-4086
(212) 692 1000

*Attorneys for Plaintiffs Stavanger Holdings, Ltd. and Karl Andersen*

## CERTIFICATE OF SERVICE

  I hereby certify that on this 7th day of October 2013, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all of the parties who have subscribed to the Court's electronic filing system.  Parties may access this filing through the Court's system.

 s/Ryan M. Hurley  <br>
Ryan M. Hurley