UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STAVANGER HOLDINGS, LTD., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:12-cv-646-WTL-DKL |
| ) | |
| TRANEN CAPITAL, LTD., et al., ) | |
| ) | |
| Defendants. ) | |

## ENTRY ON MOTION FOR JUDGMENT ON THE PLEADINGS

This cause is before the Court on a motion for judgment on the pleadings filed by Defendants Kenneth Landgaard and Arthur Bowen (dkt. no. 68). The motion is fully briefed and the Court, being duly advised, rules as follows.

The Defendants' motion is brought pursuant to Federal Rule of Civil Procedure 12(c). In reviewing a motion for judgment on the pleadings, the Court applies the same standard as that applied to a motion to dismiss for failure to state a claim brought pursuant to Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). The Court "must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff," *Agnew v. National Collegiate Athletic Ass'n*, 638 F.3d 328, 334 (7th Cir. 2012), and determine whether the complaint provides the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (omission in original). In addition, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew*, 638 F.3d at 334 (citations omitted). A complaint's factual allegations are plausible if they "raise the right to relief above the speculative level." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 556 (2007).

Defendants Bowen and Landgaard move for judgment on the pleadings with regard to the Plaintiff's claims against them[1] because they assert that the amended complaint does not state sufficient facts to support the Plaintiff's allegation that the corporate veil should be pierced and thus they should be personally liable for any actions of their corporation, Tranen Capital, Ltd. ("Tranen").  As the Defendants note, the Court dismissed the claims against Defendant Bagley based on a similar argument.  However, the only actions alleged in the amended complaint with regard to Bagley related to his negotiation of a contract that was executed by him as an agent of The Leo Group, LLC.  Without piercing the corporate veil, the Plaintiff did not articulate any means of holding Bagley personally liable for those actions.  In contrast, the amended complaint alleges acts that were taken by Landgaard and Bowen personally for their own personal benefit.  Perhaps the evidence eventually will reveal that those acts were all taken on behalf of Tranen; time will tell.  At this point, however, the Court finds that the amended complaint states a plausible claim against them, independent of whether the corporate veil may be pierced.  Accordingly, the motion for judgment on the pleadings is **DENIED**.

SO ORDERED:   11/12/2013

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

---

[1] The Court previously has addressed the parties' motions to dismiss, and a summary of the facts alleged in the amended complaint can be found in that ruling.  *See* Docket No. 35.