UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STAVANGER HOLDINGS LTD, | ) | |
| KARL  ANDERSEN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TRANEN CAPITAL LTD, | ) | No. 1:12-cv-00646-WTL-DKL |
| TRANEN CAPITAL ALTERNATIVE | ) | |
| INVESTMENT FUND, LTD., | ) | |
| ARTHUR L. BOWEN, | ) | |
| KENNETH A. LANDGAARD, | ) | |
| THE LEO GROUP, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY FROM TELEPHONIC HEARING**
**JANUARY 14, 2014**
**HON. DENISE K. LARUE, MAGISTRATE JUDGE**

The parties participated in a telephonic evidentiary hearing on Plaintiffs' *Motion to Enforce Settlement Agreement.* [Dkt. 107.]  Plaintiffs Stavanger Holdings, Ltd. and Karl Andersen, were represented by counsel Evangelos Michailidis, Mauro Wolfe and Ryan Hurley.  Defendants Kenneth A. Landgaard and Arthur L. Bowen appeared pro se. Defendants Tranen Capital Ltd., Tranen Capital Alternative Investment Fund, Ltd. are currently without counsel.   Defendant The Leo Group, LLC, was excused from attendance.  Court reporter Jean Knepley recorded the proceedings.

Plaintiffs and the Tranen entities have executed a settlement agreement and agreed judgment.   On November 22, 2013, Plaintiffs filed a Motion to Enforce

Settlement Agreement alleging the Tranen entities failed to comply with its terms. [Dkt. 107.] Since that time the parties have worked informally with the Court's assistance in an attempt to resolve the matter to no avail. Plaintiff's Counsel Mauro Wolfe opened the hearing with the identification of the following exhibits, which had been previously submitted to the Court:

- Exhibit A: Declaration of Mauro M. Wolfe, including attachments 1-4.

- Exhibit B: Declaration of Thomas E. Satrom, including attachment 1.

- Exhibit C: Affidavit of Lawrence James Edwards, including attachment LJE1.

- Exhibit D: Declaration of Kenneth A. Landgaard, including attachment 1.

- Exhibit E: draft Declaration of Arthur Bowen.

Upon examination by the Court, Mr. Bowen testified under oath that Exhibit E was true and accurate.[1] The Court admitted these exhibits into evidence without objection.

The issue before the Court is whether there is a valid and enforceable Settlement Agreement between Plaintiffs and the Tranen entities. The Agreement generally requires the Tranen entities to surrender management of the fund to a Recovery Company identified by Plaintiffs. Plaintiffs argue the Agreement was voluntarily executed by the parties with the assistance of counsel and therefore is valid and enforceable. Defendant Landgaard, as the sole director of Tranen, testified on its behalf. Defendant Landgaard does not challenge Plaintiffs' assertions that the agreement was

---

[1] Mr. Bowen testified that he had reviewed a prior draft of the Declaration and all revisions he requested had been made. He had been out of the office and unable to execute the draft Declaration in time to submit it to the Court before the telephonic hearing.

negotiated and voluntarily executed with the assistance of counsel.  His concern, rather, is rooted in his belief the shareholders in the fund object to its transfer and intend to file a lawsuit.  He noted that the shareholders believed any dispute over the transfer of the fund is not within the jurisdiction of this Court.  Defendant Landgaard further testified that Tranen was not effectively advised by its former counsel during the negotiation of the Agreement.

While the Court understands Defendant Landgaard's concern regarding a potential shareholder lawsuit, that concern is not relevant to the issue before the Court at this time.  The Settlement Agreement does not require Plaintiffs to seek approval from the shareholders before identifying a Recovery Company.  Paragraph 8 of the Settlement Agreement provides: "Plaintiffs will notify Tranen in writing once they identify a Recovery Company that is willing to assume control of the management of the Fund. Within five (5) days of such written notice (which, again, shall be sent to Landgaard by email), Tranen shall cause Tranen to issue a Board resolution naming at least two new Tranen Board Members who are from the Asset Management Company, subject to the requirements of BVI law." There is no provision requiring Tranen to approve the Recovery Company prior to triggering Tranen's obligations under the Agreement.

Defendant Landgaard raised concerns about the effectiveness of his counsel; however there is no Sixth Amendment right to effective assistance of counsel in civil cases.  *See Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir. 2001).  If he now believes the performance of his attorney was deficient, the remedy lies in a malpractice action rather

than challenging the enforceability of the Agreement.  The parties negotiated and executed a legally enforceable contract.  Specifically, they mediated their dispute at Defendant Landgaard's deposition and then drafted and executed the Agreement. Defendant Landgaard may now have second thoughts about signing that Agreement, but "a mere change of mind is not sufficient grounds for setting aside a settlement agreement." *Porter v. Chicago Board of Education*, **981 F. Supp. 1129, 1132 (N.D. Ill. 1997)** (internal quotation omitted).  As the Seventh Circuit has stated, "[a] party to a settlement cannot avoid the agreement merely because he subsequently believes the settlement insufficient . . . If a party . . . who has previously authorized a settlement agreement changes his mind . . . that party remains bound by the terms of the agreement." *Glass v. Rock Island Refining Corp.*, **788 F.2d 450, 454-55 (7th Cir. 1986)**.

Therefore, the Court finds the Settlement Agreement is valid and enforceable. Defendant Landgaard is **ORDERED** to execute documents as described below.

The Court also addressed Plaintiffs' *Motion to Seal the Declaration of Mauro M. Wolfe and its Accompanying Exhibits.*  [Dkt. 109.]  These documents were filed in support of Plaintiffs' Motion to Enforce Settlement Agreement and included a copy of the executed agreement.  Consistent with the Seventh Circuit's position that documents affecting disposition of federal litigation are presumptively open to public view, the Court **DENIES** this Motion.  *See Goesel v. Boley International (H.K.) LTD*, **2013 WL 6800977 (7th Cir. 2013)**.

The Court hereby **ORDERS** the following:

4

1. Plaintiffs' *Motion to Enforce Settlement Agreement* [Dkt. 107] is **GRANTED**. Defendant Landgaard shall execute the documents included with Exhibit A, attachment 4 on pages 4, 6, 9 and 11 as identified during the hearing by 12 p.m. EST on January 15, 2014.  The executed documents shall be delivered to Plaintiffs' counsel via email with the originals to follow by regular mail.

2. Plaintiffs are free to now utilize the authorizations previously executed by Defendant Landgaard by Court Order on December 23, 2013. [Dkt. 114].

3. Plaintiffs' *Motion to Seal the Declaration of Mauro M. Wolfe and its Accompanying Exhibits* [Dkt. 109] is **DENIED**.  The Clerk shall lift the provisional seal on Dkt. 108.

4. Plaintiffs' *Motion to Compel Discovery From Tranen Defendants* [Dkt. 62] is **DENIED** as moot.

5. On or before Friday, January 17, 2014, Plaintiffs shall file their petition for attorneys' fees.  Defendant Langaard shall have 14 days thereafter to file any response.

Date:   01/15/2014

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

KENNETH A. LANDGAARD
3750 Wahtomin Trail, NW
Alexandria, MN 56308

Edward M. Smid
BARNES & THORNBURG LLP
edward.smid@btlaw.com

T. Joseph Wendt
BARNES & THORNBURG LLP
jwendt@btlaw.com

ARTHUR L. BOWEN
Bowen Counsel
155 Federal St., 17th Floor
Boston, MA 02111

Evangelos  Michailidis
DUANE MORRIS LLP
emichailidis@duanemorris.com

Mauro M. Wolfe
DUANE MORRIS LLP
mmwolfe@duanemorris.com

Ryan Michael Hurley
FAEGRE BAKER DANIELS LLP - Indianapolis
ryan.hurley@FaegreBD.com