IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |
|---|---|
| STAVANGER HOLDINGS, LTD and KARL ANDERSEN,<br><br>Plaintiffs,<br><br>vs.<br><br>TRANEN CAPITAL, LTD, TRANEN CAPITAL ALTERNATIVE INVESTMENT FUND, LTD., THE LEO GROUP, LLC, KENNETH A. LANDGAARD, and ARTHUR L. BOWEN,<br><br>Defendants. | Civil Action No.: 12 - 00646 (WTL)(DKL) |

**PLAINTIFFS' MOTION SEEKING LEAVE TO SERVE A
*SUBPOENA DUCES TECUM* ON A NON-PARTY**

On November 22, 2013, this Court granted Plaintiffs' and Tranen Capital, Ltd., Tranen Capital Alternative Investment Fund, Ltd. (the "Fund"), Arthur Bowen and Kenneth A. Landgaard's (collectively, the "Tranen Defendants") joint motion to stay proceedings between them for 90 days. (ECF #103, the "Stay"). Notwithstanding the Stay, Plaintiffs seek permission to serve a *subpoena duces tecum* (the "Subpoena") on a non-party, Mr. Jeffrey Cote, to obtain critical electronically stored information ("ESI") by having it forensically copied by a professional at Plaintiffs' and Delta's (defined below) expense. Mr. Cote is the former head of Information Technology at Tranen and the ESI believed to be within his possession, custody or control is necessary to assess whether rehabilitation of the Fund is possible. A copy of the proposed Subpoena is attached as Exhibit 1 to the Declaration of Mauro M. Wolfe, dated February 5, 2014 ("Wolfe Decl.").

Plaintiffs and the Tranen Defendants entered into a valid and enforceable settlement agreement on or around November 5, 2013 (the "Agreement"), pursuant to which the Tranen Defendants agreed to transfer control and ownership of the Tranen entities to a "Recovery Company" to be selected by Plaintiffs.  Wolfe Decl., ¶3, Ex. 2.  Plaintiffs designated The Delta Group ("Delta") to be the "Recovery Company".  Delta is now in control of the Tranen entities.  Id. at ¶ 3.

The purpose of the Agreement is to attempt to rehabilitate the Fund, which, by the testimony of Mr. Landgaard, the Fund's former sole director, is currently worthless despite, it is believed, once having a value of hundreds of millions of dollars.  Id. at ¶ 4.  The assets of the Fund consist primarily of life insurance policies that Mr. Landgaard claims have lapsed because of the non-payment of premiums.  Id. at ¶ 4.  In order for Delta to assess whether these assets could be reinstated, it requires complete access to the books and records of the Tranen entities.  Id. at ¶5.  This was understood by the parties at the time the Agreement was entered into as Paragraph 6 of the Agreement states that:

> "Tranen agrees to provide all necessary authorizations permitting complete access to all books and records, including but not limited to, list of investors, investment amounts, policies, bank accounts and any other records that may be requested."  Id., Ex. 2, ¶6.

Plaintiffs have served numerous authorization letters upon various entities and individuals believed to have relevant Tranen data, including Mr. Jeffrey Cote, who handled Tranen's Information Technology.  Id. at ¶¶ 10-11; Ex. 5, Declaration of Karl Andersen, dated February 5, 2014 ("Andersen Decl."), ¶3.  It is believed that Mr. Cote backed up Tranen's ESI, which is located on servers in Ireland, on his home computer system in Massachusetts.  As such, it is believed that Mr. Cote has within his possession, custody or control Tranen's ESI.  Id. at ¶¶10-11; Ex. 5, Andersen Decl., ¶6.  This information is critical as it is likely to contain

communications between Mr. Landgaard and other individuals and entities regarding the assets of the Fund, premium payments, policy lapse notices, maturation of policies, payment of death benefits, valuation of the Fund and possible improper transfers of valuable policies away from the Fund.  Id. at ¶6.

Delta attempted to contact Mr. Cote on several occasions to discuss the ESI at issue.  Id. at ¶ 9.  Additionally, at the behest of Delta and Plaintiffs, Plaintiffs' counsel, Mr. Mauro M. Wolfe, called Mr. Cote to discuss Tranen's ESI.  Id. at ¶ 9.  None of the numerous calls made by Delta or Mr. Wolfe were returned.  Id. at ¶ 9.

Thereafter, Mr. Wolfe sent a letter to  Mr. Cote, who resides in Boston, Massachusetts, on January 29, 2014 requesting that he produce all of Tranen books and records within his possession, custody or control.  Id. at ¶ 9, Ex. 4.  Mr. Cote responded by email on January 31, 2014.  Id. at ¶ 13, Ex. 7.  In his email, Mr. Cote states that Plaintiffs and Delta can obtain the information they are seeking from other sources, such as Tranen, the Fund Administrator or the Custodian of the Fund.  Id.  Plaintiffs and Delta have communicated extensively with both the Fund Administrator and Custodian and they do not have Tranen's electronic information.  Id. at ¶ 13.  It is believed that Mr. Cote is the only source with this information.  Significantly, Mr. Cote's email does not state that he does not have Tranen ESI.

Plaintiffs would like to serve Mr. Cote with a Subpoena formally requesting that he produce the records that he has in his possession.  Specifically, to preserve the data, Plaintiffs would  like to forensically copy the ESI within Mr. Cote's possession, custody or control at Plaintiffs' and Delta's expense.  Plaintiffs hope that a subpoena served together with a Court Order permitting service of said subpoena will spurn Mr. Cote to cooperate without the need of further Court intervention.

Dated: February 5, 2014
      Indianapolis, IN

                                      FAEGRE BAKER DANIELS LLP

                                      s/ Ryan M. Hurley

Ryan M. Hurley
Email: Ryan.Hurley@faegrebd.com
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
(317)237-1144

                                                and

DUANE MORRIS LLP

s/Mauro M. Wolfe

Mauro M. Wolfe
E-mail:mmwolfe@duanemorris.com
Evangelos Michailidis
E-mail:emichailidis@duanemorris.com

1540 Broadway
New York, NY 10036-4086
(212) 692 1000

*Attorneys for Plaintiffs Stavanger Holdings, Ltd. and Karl Andersen*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of February 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all of the parties who have subscribed to the Court's electronic filing system. A copy of this motion is also being transmitted to Mr. Jeffery Cote by Fed Ex to his address 471 Hanover Street, #3, Boston, MA 02113 and by email. Parties may access this filing through the Court's system.

*s/Ryan M. Hurley*
Ryan M. Hurley
