IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STAVANGER HOLDINGS, LTD and KARL ANDERSEN,<br><br>    Plaintiffs,<br><br>  vs.<br><br>TRANEN CAPITAL, LTD, TRANEN CAPITAL ALTERNATIVE INVESTMENT FUND, LTD., THE LEO GROUP, LLC, KENNETH A. LANDGAARD, and ARTHUR L. BOWEN,<br><br>    Defendants. | Civil Action No.:<br>1:12-CV-00646 (WTL)(DKL)<br><br>**<u>PLAINTIFFS' OPPOSITION TO THE LEO GROUP, LLC'S MOTION FOR RELIEF FROM ORDERS</u>** |

**PRELIMINARY STATEMENT**

The Leo Group, LLC ("Leo") owes Plaintiffs $240,000. This amount is based on a settlement agreement (the "Agreement") that the parties entered into on November 18, 2013, secured by a stipulation of judgment for $240,000. According to the Agreement, Leo was required to pay Plaintiffs within 45 days. Leo has not paid Plaintiffs and has offered absolutely no explanation for its failure to honor the terms of the Agreement. Furthermore, Leo has given no indication that it intends to ever pay the settlement amount. Hence, Plaintiffs entered the stipulated judgment on the docket on January 3, 2014 (ECF # 115). Thereafter, on January 30, 2014, Plaintiffs filed their Motions for Proceedings Supplemental against Leo and garnishees PNC Bank, Key Bank, and Wells Fargo Bank (collectively, the "Banks").

The Court rendered Orders to Leo and the Banks on January 30, 2014 directing Leo to personally appear at a hearing on March 24, 2014 (the "Hearing") to "answer as to its wages, assets, property and income subject to execution…" and directing the Banks to either appear at the Hearing or respond to interrogatories. (ECF # 130-133). The Orders on the Banks also

"place a 90-day hold on any deposit accounts in which [Leo] has an interest." (ECF # 131-133). Each of the Banks has responded to the interrogatories without objection (ECF # 132, 133, 147) and PNC Bank has identified a Leo account with funds in the amount of $12,330.73. These funds have been frozen.

Now, by its motion, Leo seeks relief from these Orders. Leo's motion is premised on two arguments. First, Leo argues that Plaintiffs did not wait 14 days prior to initiating execution of the judgment as provided for in Rule 62(a) of the FRCP ("Rule 62(a)"). Second, Leo argues that Plaintiffs failed to comply with Indiana Trial Rule 69(E) ("Rule 69(E)") by not specifically alleging that the Banks have or will have "specified or unspecified nonexempt property of, or an obligation owing to the judgment-debtor subject to execution or proceedings supplemental to execution." Leo's arguments are without merit and its motion is intended to further frustrate Plaintiffs' ability to collect the money it is owed.

## ARGUMENT

### I.     PLAINTIFFS HAVE NOT VIOLATED RULE 62(a)

Rule 62(a) states, in pertinent part, that "no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its *entry*." (Emphasis added). According to Rule 58(c), which sets forth the time of entry for judgments, the judgment is entered when it is entered in the civil docket. Hence, the stipulated judgment was entered on January 3, 2014, when it was filed and appeared on the civil docket as item # 115, more than 14 days prior to Plaintiffs filing their motion for supplemental proceedings. While it is true that Plaintiffs also filed a motion pursuant to Rule 54(b) of the FRCP ("Rule 54(b)") on January 15, 2014, which resulted in the Leo judgment being entered again for a second time, this second entry does not undo the first entry which occurred on January 3, 2014.

Additionally, Leo misconstrues the very purpose of Rule 62(a). The rule exists to allow "a losing party an opportunity to secure a stay pending appeal." *Jazz Photo Corp. v. United States*, 353 F. Supp. 2d 1327, 1357 (Ct. Int'l Trade 2004); *see also Alyeska Pipeline Service Co. v. The Vessel Bay Ridge,* 703 F.2d 381, 386 (9th Cir. Alaska 1983) (Judge Kennedy, Concurring). Here, there is no losing party between Plaintiffs and Leo. The matter was settled between them. As a matter of procedure, Leo could not appeal the stipulated to judgment. If Leo believed that the stipulation was somehow invalid, its recourse would have been to file a motion to vacate the stipulated judgment, which it has not done.

## II.     RULE 69(E) IS INTENDED TO PROTECT THE BANKS NOT LEO

Leo's second argument, regarding Rule 69(E), is tucked at the end of Leo's Motion, and only presumes to "note" a supposed defect, rather than actually arguing that this defect should support the granting of Leo's motion. Perhaps Leo de-emphasizes this argument in recognition that Rule 69(E) exists only to protect garnishee defendants from unwarranted harassment, not a judgment-debtor like itself. In fact, the case law cited, *Freidline v. Thomalla*, 852 N.E.2d 17, 20 (Ind. Ct. App. 2006), is notable in that the case involves a garnishee defendant invoking the protection of Rule 69(E), not a debtor.

Although Plaintiffs neglected to include language specifically alleging that the Banks had Leo's assets, Plaintiffs filings were targeted at specific garnishees Plaintiffs had reason to believe did business with Leo. More importantly, each Bank has already submitted a response to Plaintiffs' interrogatories, thus indicating that they did not have objections to the discovery requests, ultimately rendering Leo's second argument moot.

3

## **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that Leo's motion be denied in its entirety, together with costs and all other relief this Court deems to be just and proper.

Dated: February 26, 2014
Indianapolis, Indiana

**FAEGRE BAKER DANIELS LLP**

By: */s/Ryan Hurley*
Ryan Hurley
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
(317) 237-1144


**DUANE MORRIS LLP**

By: */s/Mauro W. Wolfe*
Mauro W. Wolfe
1540 Broadway
New York, NY 10036
(212) 692-1000

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's CM/ECF system. A copy of the above filing is also being mailed to Ken Landgaard at 3750 Wahtomin Trail NW, Alexandria, MN 56308 and Arthur Bowen at 1070 Brush Hill Road Milton, MA 02186.

*/s/ Ryan M. Hurley*
