IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STAVANGER HOLDINGS, LTD and KARL ANDERSEN, <br><br> Plaintiffs, <br><br> v. <br><br> TRANEN CAPITAL, LTD; TRANEN CAPITAL ALTERNATIVE INVESTMENT FUND, LTD; THE LEO GROUP, LLC; KENNETH A. LANDGAARD; and ARTHUR L. BOWEN, <br><br> Defendants. | CASE NO. 1:12-cv-0646-WTL-MJD |

**REPLY IN SUPPORT OF MOTION FOR RELIEF FROM ORDERS**

The Leo Group, LLC ("Leo Group") filed its Motion for Relief from Orders to ensure that any proceedings supplemental initiated against it would comply with the Federal Rules of Civil Procedure and substantive Indiana law. Rather than correct the obvious defects with their earlier filings, which Leo Group pointed out in its Motion, the plaintiffs have asked this Court to ignore the clear requirements of Fed. R. Civ. P. 62(a) and Indiana Trial Rule 69(E).

This Court, however, does not have the discretion to ignore those requirements. *See Elliott Assocs. v. Banco de la Nacion,* No. 96 Civ. 7916, 2000 WL 1449862, at *4 (S.D.N.Y. Sept. 29, 2000) (finding that "courts have no discretion *not* to impose a stay under" Rule 62(a)); *Freidline v. Thomalla*, 852 N.E.2d 17, 20 (Ind. Ct. App. 2006) ("In the event that a person is named as a garnishee, the motion *must allege* that the 'garnishee has or will have specified or unspecified nonexempt property of, or an obligation owing to the judgment-debtor subject to execution or proceedings supplemental to execution ...') (emphasis added). Consequently, the

Court should grant Leo Group's Motion and set aside its Orders granting the plaintiffs' Motions for Proceedings Supplemental and Order to Appear.

Plaintiffs argue that their January 3, 2014 filing of a "Stipulation to Judgment" constituted "entry" of a final judgment. But that position contradicts the language of that very filing, which contemplates a prospective entry of final judgment. *See* Dkt. No. 115 ("Plaintiffs . . . together with Defendant . . . stipulate that judgment *be entered* . . .) (emphasis added). Further, the plaintiffs made another subsequent request on January 15, 2014 that also contemplated a prospective entry of final judgment. *See* plaintiffs' Motion for Entry of Judgment, Dkt. No. 118 at 2 ("Plaintiffs see *to have this Court enter* the Leo and Tranen Judgments") (emphasis added); *id.* ("there is no reason to delay entry of the judgments); *id.* at 3 ("any further delay on entering the judgments may frustrate Plaintiffs' ability to collect.")

Thus, the plaintiffs themselves did not consider their January 3, 2014 filing an "entry" of a final judgment until Leo Group pointed out that they had prematurely initiated proceedings supplemental.

According to the plaintiffs' new position, "entry" of a judgment happens as soon as any party makes an electronic filing requesting the same. That, of course, is not the case. Entry of a final judgment requires action by the Court – it is not within a party's power to "enter" a final judgment by virtue of its accessing the electronic filing system.

Moreover, the plaintiffs' request that the Court ignore the stay requirement because Leo Group "misconstrued" the purpose of Fed. R. Civ. P. 62(a) is groundless. Leo Group did not misconstrue anything. The Court does not have such broad discretion in applying the Rule. *See Elliott Assocs. v. Banco de la Nacion,* No. 96 Civ. 7916, 2000 WL 1449862, at *4 (S.D.N.Y. Sept. 29, 2000) (finding that "courts have no discretion *not* to impose a stay under" Rule 62(a)).

Finally, the plaintiffs' argue that the Court should ignore the substantive defects in their motions because Indiana Trial Rule 69(E) is "intended to protect the banks, not Leo." To the contrary, the Orders issued in response to the plaintiffs' defective motions not only required the banks to answer interrogatories, they also placed a hold on Leo Group's deposit accounts, including a PNC bank account with funds in the amount of $12,330.73. Without question, Leo Group has standing to challenge the sufficiency of the plaintiffs' motions, which have already harmed Leo Group by causing this Court to prematurely freeze Leo Group's accounts.

The plaintiffs admit their motions were defective. *See* Dkt. No. 155 at 3 ("Plaintiffs neglected to include language specifically alleging that the Banks had Leo's assets.") In such cases, Indiana law requires that the Orders granting the same be set aside. *Freidline v. Thomalla*, 852 N.E.2d 17, 20 (Ind. Ct. App. 2006) ("In the event that a person is named as a garnishee, the motion *must allege* that the 'garnishee has or will have specified or unspecified nonexempt property of, or an obligation owing to the judgment-debtor subject to execution or proceedings supplemental to execution ...') (emphasis added).

The only reason Leo Group "tucked" that argument at the end of its Motion was to point the defects to the plaintiffs so they would avoid repeating them when they filed subsequent motions that complied with the time restrictions imposed by Fed. R. Civ. P. 62(a). Leo Group is not trying to "frustrate" anything. It simply wants plaintiffs to comply with the requirements of Federal Rules of Civil Procedure and substantive Indiana law.

Leo Group respectfully requests that the Court grant the relief requested in Leo Group's Motion for Relief from Orders and all other just and proper relief.

        Respectfully submitted,

        */s/ Edward M. Smid*
        T. Joseph Wendt, Atty # 19622-49
        Edward M. Smid, Atty # 30134-49
        BARNES & THORNBURG LLP
        11 South Meridian Street
        Indianapolis, IN 46204
        Telephone: 317-236-1313
        Facsimile: 317-231-7433

        *Attorneys for The Leo Group*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of February, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        */s/ Edward M. Smid*

Evangelos Michailidis
DUANE MORRIS LLP
emichailidis@duanemorris.com

Mauro M. Wolfe
DUANE MORRIS LLP
mmwolfe@duanemorris.com

Ryan Michael Hurley
FAEGRE BAKER DANIELS LLP
ryan.hurley@faegrebd.com

INDS01 1445649_1.doc