UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STAVANGER HOLDINGS LTD, <br> KARL ANDERSEN, <br>               Plaintiffs, <br>      vs. <br><br> ARTHUR L. BOWEN, <br> KENNETH A. LANDGAARD, <br>               Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )  No. 1:12-cv-00646-WTL-DKL <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER ON MOTION FOR RELIEF FROM ORDERS**

This matter is before the Court on the above-referenced motion filed by Defendant The Leo Group, LLC's ("Leo Group"). [Dkt. 144.] For the reasons set forth below, the Court **GRANTS** Defendant's Motion.

On January 3, 2014, Plaintiffs filed a *Stipulation to Judgment Against The Leo Group.* [Dkt. 115.] Pursuant to the parties' stipulated judgment, the Court entered final judgment in favor of Plaintiffs against Leo Group on January 17, 2014. [Dkt. 120.] Plaintiffs filed *Motions for Proceedings Supplemental* on January 30, 2014, thirteen days after the Court entered final judgment. [Dkt. 124-129.] Leo Group now contends Plaintiffs motions were filed prematurely in violation of Fed. R. Civ. P. 62(a), which postpones enforcement of a judgment for 14 days from the date of entry of the judgment. Leo Group also argues Plaintiffs failed to use the proper language in their motions as required by Indiana Trial Rule 69(E).

Plaintiffs argue they did not file their motions for proceedings supplemental prematurely because the 14-day stay of execution began to run on January 3, 2014, when the parties filed the stipulated judgment. The Court disagrees. Rule 62(a) provides that "no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry." Fed. R. Civ. P. 62(a). Plaintiffs' interpretation of the Rule confuses the significance of filing the parties' stipulated judgment with the Court's actual entry of judgment against Leo Group. Rule 62(a) contemplates the date the Court enters judgment against a party and gives the parties 14 days "to afford litigants an ample period of time to consider whether to appeal, to file a motion for new trial, and/or to seek a stay of execution of judgment." *Artmann v. Center Garage, Inc.*, 2:11-CV-236-PRC, 2012 WL 5332355 (N.D. Ind. Oct. 25, 2012) (internal citations omitted).

The parties *filed* their stipulated judgment on January 3, 2014; however, the Court did not *enter judgment* until January 17, 2014. Therefore, Plaintiffs filed their motions for proceedings supplemental prematurely. The Court has no discretion *not* to impose the stay under Rule 62(a). *See Elliott Associates, L.P. v. Banco De La Nacion*, 2000 WL 1449862 (S.D. N.Y. 2000). The Court hereby **GRANTS** Defendant Leo Group's *Motion for Relief From Orders* and **VACATES** the Orders at Docket Nos. 130, 131, 132 and 133. The hearing scheduled for March 24, 2014 is **VACATED**.

Date: 03/19/2014

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

KENNETH A. LANDGAARD
3750 Wahtomin Trail, NW
Alexandria, MN 56308

Edward M. Smid
BARNES & THORNBURG LLP
edward.smid@btlaw.com

T. Joseph Wendt
BARNES & THORNBURG LLP
jwendt@btlaw.com

ARTHUR L. BOWEN
Bowen Counsel
155 Federal St., 17th Floor
Boston, MA 02111

Evangelos Michailidis
DUANE MORRIS LLP
emichailidis@duanemorris.com

Mauro M. Wolfe
DUANE MORRIS LLP
mmwolfe@duanemorris.com

Ryan Michael Hurley
FAEGRE BAKER DANIELS LLP - Indianapolis
ryan.hurley@FaegreBD.com