UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STAVANGER HOLDINGS LTD, ) | |
| KARL ANDERSEN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 1:12-cv-00646-WTL-DKL |
| ) | |
| ARTHUR L. BOWEN, ) | |
| KENNETH A. LANDGAARD, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION SEEKING TO MAINTAIN HEARING AND TO CONTINUE FREEZE OF LEO GROUP'S BANK ACCOUNT**

This matter is before the Court on the above-referenced Motion filed by Plaintiffs, Stavanger Holdings Ltd. and Karl Andersen. [Dkt. 161.] For the reasons set forth below, the Court **DENIES** Plaintiffs' Motion.

On January 30, 2014, Plaintiffs filed a motion seeking enforcement of a judgment against Defendant Leo Group. [Dkt. 124.] Following that motion, the Court set a hearing to address the issue for March 24, 2014. On February 11, 2014, Leo Group filed a motion seeking relief from the Court's Order to appear at the hearing based upon its belief Plaintiffs filed their motion prematurely. [Dkt. 144.]

On March 19, 2014, the Court granted Leo Group's motion and vacated the orders appearing at Docket Nos. 130, 131, 132 and 133, including the March 24, 2014 hearing date. [Dkt. 165.] The Court also granted Plaintiffs' renewed Verified Motion for Proceedings Supplemental [Dkt. 160] and assigned a new hearing date per Ind. Trial

Rule 69 (E). [Dkt. 166.] Therefore, Plaintiffs' request to maintain the March 24, 2014, hearing date is **DENIED**.

In conjunction with the prior motions for proceedings supplemental, Plaintiffs served discovery requests to financial institutions where it believed Leo Group had assets. Plaintiffs allege Leo Group holds three accounts with PNC Bank totaling approximately $12,000.00. Plaintiffs now request that the Court either order PNC Bank to release Leo Group's assets to Plaintiffs, or in the alternative retain the freeze on Leo Group's bank accounts. The Court cannot do either because it does not have the proper information before it.

Fed. R. Civ. P. 69(a)(1) requires Plaintiffs to comply with Ind. Trial Rule 69 when seeking execution of a judgment. Ind. Trial Rule 69 requires that the proceedings be supported by verified motion or affidavit. *See Freidline v. Thomalla*, 852 N.E.2d 17, 20 (Ind. Ct. App. 2006); *see also Peterson v. Farrakhan*, 2008 WL 656267 (N.D. Ind. 2008). Although Plaintiffs' *Motion for Proceedings Supplemental* was verified [Dkt. 160], that motion did not request that the Court order PNC to freeze or retain the freeze on Leo Group's accounts.[1] Plaintiffs make that request in this Motion, however they failed to either verify the motion or provide an affidavit in support of their request. Moreover, in this Motion Plaintiffs do not even include PNC Bank as a garnishee—defendant. Plaintiffs' allegation that Leo Group has assets at PNC is nothing more than an unsupported assertion. As such, the Court cannot order PNC to freeze Leo Group's

---

[1] Plaintiffs ask the Court to retain the freeze on the PNC accounts, but that freeze order was entered prematurely and vacated. [Dkt. 165.]

accounts. Likewise, Plaintiffs offer no support for their request that the Court order PNC to release the assets directly to Plaintiffs. Therefore, Plaintiffs' request to either order PNC to release Leo Group's assets to Plaintiffs or retain the freeze on the accounts is **DENIED**.

Date: 03/20/2014

_Denise K. LaRue_
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

KENNETH A. LANDGAARD
3750 Wahtomin Trail, NW
Alexandria, MN 56308

Edward M. Smid
BARNES & THORNBURG LLP
edward.smid@btlaw.com

T. Joseph Wendt
BARNES & THORNBURG LLP
jwendt@btlaw.com

ARTHUR L. BOWEN
Bowen Counsel
155 Federal St., 17th Floor
Boston, MA 02111

Evangelos Michailidis
DUANE MORRIS LLP
emichailidis@duanemorris.com

Mauro M. Wolfe
DUANE MORRIS LLP
mmwolfe@duanemorris.com

Ryan Michael Hurley
FAEGRE BAKER DANIELS LLP - Indianapolis
ryan.hurley@FaegreBD.com